## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ERNESTO JIMENEZ-GONZALEZ, ET AL.,**                    **CIVIL ACTION**
**on behalf of themselves and all others similarly**
**situated**                                            **NO. 24-820-SDD-RLB**

**VERSUS**

**CORA TEXAS GROWERS AND HARVESTERS**
**AGRICULTURAL ASSOCIATION, INC., ET AL.**

### STATUS REPORT

Counsel for the parties conducted their Fed. R. Civ. P. 26(f) conference on November 21, 2024.  James Knoepp and Dawson Morton participated for the Plaintiffs.  Brandon Davis participated for the Defendants.

**A.     JURISDICTION**

Jurisdiction is conferred by 28 U.S.C. § 1331 (federal question jurisdiction) and the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").  The Court has supplemental jurisdiction over the breach of contract claims and the LWPA claims pursuant to 28 U.S.C. § 1367(a).

**B.     BRIEF EXPLANATION OF THE CASE**

1.     Plaintiffs' claims:  Plaintiffs and other similarly situated workers were employed by Defendants pursuant to temporary visas and worked driving heavy tractor-trailer trucks hauling sugarcane from fields in Louisiana to Defendants' sugar cane mill in Louisiana.

**Count I (FLSA)**

Plaintiffs allege that they and other similarly situated truck drivers were not paid as

mandated by the FLSA because they regularly worked more than forty hours in a workweek without receiving time and a half overtime pay for those hours worked over forty in a workweek. Plaintiffs also allege that they and others similarly situated were paid less than the FLSA minimum wage during their first workweeks each season based on the Defendants' failure to properly reimburse them for pre-employment expenses they incurred to work for Defendants. For these violations, Plaintiffs seek their unpaid wages, plus an equal amount in liquidated damages, on behalf of themselves and others similarly situated who may opt-in to this case.

**Count II (Breach of Contract – 2021-2023 seasons)**

Between 2021 and 2023, Plaintiffs allege that they and other heavy tractor-trailer truck drivers employed by Defendants were not paid the wage rate applicable to heavy tractor-trailer truck drivers, in breach of their employment contracts. Instead, Plaintiffs and other heavy tractor-trailer truck drivers were paid a much lower Adverse Effect Wage Rate applicable to H-2A workers employed in agricultural occupations. Plaintiffs and other heavy tractor-trailer truck drivers maintain that they were not engaged in agricultural occupations within the meaning of the H-2A visa program and should have been paid a higher wage rate applicable to heavy tractor-trailer truck drivers.

Plaintiffs also allege that Defendants breached their employment contracts, and those of other truck drivers, by failing to comply with Federal and State laws as required by the contracts. Specifically, Plaintiffs allege that Defendants' failure to comply with the Federal law related to overtime, the FLSA, was a breach of the Plaintiffs' and other class members' employment contracts. Plaintiffs also allege that Defendants' failure to pay them and other truck drivers all wages they were due upon completing of their contracts as required by the Louisiana Wage Payment Act was also a breach of their employment contracts' promise to comply with all State

laws.

Plaintiffs also allege that Defendants breached their employment contracts, and those of other truck drivers, by failing to pay them the required hourly rate for every hour of work during their first workweek as a result of the Defendants' failure to properly reimburse Plaintiffs and other truck drivers for the pre-employment expenses they incurred to work for Defendants.

Plaintiffs seek damages as well as pre-judgment and post-judgment interest on behalf of themselves and a proposed class of other truck drivers employed by Defendants between 2021 and 2023.

**Count III (Louisiana Wage Payment Act)**

Plaintiffs allege that Defendants violated the Louisiana Wage Payment Act (LWPA) by failing to pay them and other truck drivers all wages they were due under the terms of their employment contracts within 15 days of their resignation or discharge.  Plaintiffs seek to recover their unpaid wages as well as penalty wages as authorized by the LWPA on behalf of themselves and a proposed class of other truck drivers employed by Defendants between 2021 and 2023.

2.    Defendant claims:

For the period October 2, 2021, until October 2, 2024, the U.S. Department of Labor Employment and Training Administration Office of Foreign Labor Certification certified Defendants as eligible for Temporary Employment Certification under the then-applicable adjudicative process germane to 20 C.F.R. Part 655 Subpart B.  Upon information and belief, the OFLC Administrator had no finding that Defendants substantially violated a material term or condition of the temporary agricultural labor certifications the government issued, with respect to H-2A workers; workers in corresponding employment; or U.S. workers improperly rejected for employment, or improperly laid off or displaced for the three-year period alleged in this case.  The

employment agreement(s) between these parties were based on their understandings of regulatory eligibility concerning labor certification and admissibility.  These parties relied on governmental determinations that were issued after making appropriate factual disclosures.  Although eligibility standards for certain federal employment programs have changed between October 2, 2021, and October 2, 2024, the various governmental determinations that certified eligibility standards were met have not been revoked.  Defendants believe a finding of willfulness should be avoided.  Because these parties performed agricultural employment contracts according to the terms they negotiated at arms-length and through governmental certification, Defendants anticipate damages, if any, should be identifiable, but subject to offset.  When pleading Paragraph 4 of the Complaint, Named Plaintiffs categorized costs arguably subject to 20 CFR 655.122.  After conferring by Rule 26(f), the parties did not identify contest concerning the applicability of that (and the related) regulation in the context of Paragraph 4.  Accordingly, Defendants contend the question of liability and quantum on the issue may be resolvable absent trial on the merits.  Defendants performed their contractual obligations in good faith.  These Agricultural Employers deny willfully violating any rights their employees might have obtained when entering contracts through the labor certification/immigration process.

  **C.**    **PENDING MOTIONS**

    There are no pending motions.

  **D.**    **ISSUES**

    List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

    1.    Whether the Plaintiffs and other similarly situated truck drivers should have received overtime wages when they worked more forty hours in a workweek.

2.      Whether the Plaintiffs and other similarly situated truck drivers were properly reimbursed for pre-employment expenses they incurred to work for the Defendants.

3.      Whether the Plaintiffs and other similarly situated truck drivers should have been paid a higher hourly wage rate for heavy tractor-trailer truck drivers rather than the agricultural Adverse Effect Wage Rate they received.

4.      Whether the Plaintiffs and other similarly situated truck drivers are entitled to liquidated damages pursuant to the FLSA and penalty wages pursuant to the LWPA.

5.      Whether the Government's determinations based on findings of eligibility for certification- preclude liability for willfulness under the Fair Labor Standards Act.  If so, the issue is whether Plaintiffs are due additional pay for overtime hours allegedly due and owing. Defendants submit that the Court's evaluation of this case could be informed by Barron v. Sterling Sugars; Teche Vermillion v. Su; and Soto v. South Central Sugar Cane Growers Association, Inc. and Sterling Sugars, LLC all now pending in various Louisiana federal courts.

All issued identified above are in dispute.

**E.    DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1.      Plaintiffs' calculation of damages:

Plaintiffs do not currently have the payroll information for the named Plaintiffs and putative class members that is necessary to compute damages.  However, damages would be

determined based on the following formulas:

FLSA claims are brought on behalf of the named Plaintiffs and all future opt-in Plaintiffs,

if authorized.

**FLSA (failure to reimburse expenses during first workweek)**

First Workweek:
(# of hours actually worked during first workweek x FLSA minimum wage) +
Expenses incurred – gross wages paid free and clear = FLSA unpaid wages

**FLSA (failure to pay overtime)**

Per Workweek:
(# of hours actually worked during workweek x regular rate of pay) +
(# of hours actually worked over 40 during workweek x ½ x regular rate of pay) – gross
wages paid free and clear = FLSA unpaid overtime wages

FLSA also provides for an additional, equal amount in liquidated damages of any
unpaid FLSA wages. In addition, the FLSA provides for an award of costs and attorneys'
fees.

**Contract claims** are brought on behalf of the named Plaintiffs and other Rule 23

class members, if certified.

**Breach of Contract (Failure to reimburse expenses during first workweek)**

First Workweek:
(# of hours actually worked during first workweek x AEWR or wage rate for heavy
tractor-trailer truck drivers, whichever is higher) + expenses incurred – gross wages paid
free and clear = unpaid wages

**Breach of Contract (Failure to pay proper wage rate)**

Per Workweek:
(# of hours actually worked x wage rate for heavy tractor-trailer truck drivers) – gross
wages paid free and clear = unpaid wages

**Breach of Contract (Failure to pay overtime)**

Per Workweek:
(# of hours actually worked during workweek x regular rate of pay) +
(# of hours actually worked over 40 during workweek x ½ x regular rate of pay) – gross
wages paid free and clear = unpaid overtime wages

Plaintiffs and class members also seek an award of pre-judgment interest from the date of breach (paycheck date for each workweek).

**LWPA**

**LWPA claims** are brought on behalf of the named Plaintiffs and other Rule 23 class members, if certified.  Damages would be computed by adding all unpaid wages owed pursuant to the contracts that was not paid within 15 days of the time employment ended and adding 90 days of penalty wages at the daily rate.  Plaintiffs also seek an award of reasonable attorneys' fees with respect to this claim.

2.     Defendants' calculation of offset and/or plaintiff's damages:

Defendants respectfully submit that a finding of damages of willfulness should be avoided based on the (understood) mutual good faith between the parties in this case.  If the Court finds Defendants are liable to pay additional overtime wages, then the Court should quantify damages due and owing according to the terms of the employment agreement(s) the parties established between October 2, 2021, until October 2, 2024.

Defendants appreciate that any quantum germane to 20 CFR 655.122 is identifiable on an individualized basis.  When the parties conferred pursuant to Rule 26(f), they discussed the logistics of Phase 1 discovery should that discovery be needed.  Depositions (if necessary) could proceed either remotely or in country at Monterrey (preferred) or at other prudent locations.  When conferencing, the parties could not reach consensus about whether a three-or-four-month Phase 1 discovery period should be established.  If Plaintiffs, Ernesto Jimenez-Gonzalez and/or Jose Alberto Torres-Martinez, will be in-country for the 2025 agricultural planting season that typically begins in February of each year re: guest workers, then Defendants recommend April of 2025 as the ideal time for depositions in country or at Monterrey.  Timing in March likely would be premature in terms of preparation, logistics and access to data germane to Plaintiffs' anticipated amendment of pleadings.  After discovery of individualized issues is sufficiently complete to satisfy both parties, the quantum model related to Paragraph 4 of the Complaint could then be evaluated for purposes of class application, assuming merits are established.  A four month period beginning January 1, 2025, should allow sufficient time for completion based on information known to the parties at this time.  Based on the information now known, Defendants anticipate motions concerning class issues could reasonably be prepared and filed by July 1, 2025.

**F.     SERVICE:**

There are no unresolved issues related to service of process, personal jurisdiction, or venue.

**G.    DISCOVERY**

1.    Initial Disclosures:

A.    Have the initial disclosures required under FRCP 26(a)(1) been

completed? [ ] YES        [X] NO

In accordance with Local Rule 26(b), the parties shall provide their initial

disclosures to the opposing party no later than 7 days before the date of the

scheduling conference, unless a party objects to initial disclosures during the

FRCP 26(f) conference and states the objection below.

B.    Do any parties object to initial disclosures?

[ ] YES    [X] NO

For any party who answered *yes*, please explain your reasons for objecting.

2.    Briefly describe any discovery that has been completed or is in

progress:

By plaintiff(s):  N/A

By defendant(s):

This case is in the pleadings phase of litigation and Plaintiffs, Ernesto Jimenez-Gonzalez

and/or Jose Alberto Torres-Martinez recently indicating they are evaluating amending their

pleadings to add factual allegations concerning employment agreements they are now performing

and would complete on or around December 31, 2024.

3.    Please describe any protective orders or other limitations on discovery that may

be required/sought during the course of discovery.(For example: are there

any confidential business records or medical records that will be sought?

Will information that is otherwise privileged be at issue?)

Counsel for the parties discussed the location of depositions of the Plaintiffs and whether those could be conducted remotely or in-person at a centralized location in Mexico where the Plaintiffs reside. Those discussions are on-going, but Plaintiffs may need to seek a protective order if agreement as to location cannot be reached.

Defendants do not anticipate limitations on discovery concerning time and pay records. Time and pay records concerning Plaintiffs, Ernesto Jimenez-Gonzalez and/or Jose Alberto Torres-Martinez can begin to be produced after December 5, 2024, and would be supplemented as necessary. Defendants do not anticipate electronic discovery limitations. Defendants anticipate substantial delay in obtaining relevant data from third-party agencies like the United States Department of Labor Employment and Training Administration Office of Foreign Labor Certification, the U.S. Department of State and the U.S. Department of Homeland Security concerning the various administrative records that concern these claims and defenses. The sequence of certain discovery may be impacted by the timing and completeness of those agency responses.

4.    Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By Plaintiffs: None at this time for the Pre-Notice Discovery period.

By Defendants: Because these are claims for alleged back wages that apparently are identifiable on individualized and class bases, Defendants do not anticipate expert testimony would help the fact finder determine a fact in question.

**H.    PROPOSED SCHEDULING ORDER**

**Phase One: 'Pre-Notice Discovery'** will be **limited** to those "facts and legal considerations" necessary to determine whether potential opt-in plaintiffs are **similarly**

**situated** such that this case should proceed as a collective action. *See Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 435 (5th Cir. 2021). The parties will then proceed with **motion practice** to determine "whether and to whom notice should be issued." *Id.* at 442.

Phase One discovery will also include any discovery necessary to determine whether class certification is appropriate pursuant to Fed. R. Civ. P. 23.

**Phase Two: 'Merits Discovery' –** Once the Court resolves any motions or the ultimate issue of notice, **Merits Discovery** can begin. This second phase would obviously focus on the merits of this FLSA claim.

### Phase One: Pre-Notice Discovery and Rule 23 Class Discovery

The **deadlines** established below will govern **Phase One — Pre-Notice Discovery and Rule 23 Class Discovery**. These deadlines are based on the **parties' submissions** and are **final**:

1.  Exchange Rule 26(a)(1) **Initial Disclosures**: **December 5, 2024**

2.  Join Parties or Amend Pleadings:

    Within 30 days of the close of the time period for individuals to opt-in to any FLSA collective action or within 30 days of a decision on class certification under Fed. R. Civ. P. 23, whichever occurs later. The parties anticipate this would be a fixed date in approximately June of 2025.

3.  Complete **Phase One Discovery**: **April 30, 2024**

    Again, Phase One Discovery is limited to those "facts and legal considerations" necessary to determine whether potential opt-in plaintiffs are **similarly situated** such that this case should proceed as a collective action. *See Swales*, 985 F.3d at 441. Phase One Discovery also includes any discovery necessary to determine whether class certification is appropriate pursuant to Fed. R. Civ. P. 23.

4.  **Motions to Proceed as Collective Action and for Rule 23 Class Certification**:

    The deadline to file motions to proceed as a collective action and for Rule 23

class certification is on or before **May 21, 2024.**

The Motion to Proceed as a Collective Action should ask the Court to determine if the potential opt-in plaintiffs are similarly situated such that Notice should be issued and this case should proceed on a collective basis. And if the case is allowed to proceed as a collective action, it should additionally ask the Court to issue a proposed Notice to potential opt-in plaintiffs.

If the **parties agree** on the issue, they may **jointly file** the Motion to Proceed as Collective Action by **(same as above).**

But if Plaintiffs alone file the Motion, the **briefing schedule** will be governed by the **Local Rules** or **otherwise ordered** by the Court. Any hearing on that Motion will be at the Court's discretion and set by the Court.

**Within 7 days of any ruling on the issue of conditional class certification, the parties are to contact the undersigned so that a proposed discovery schedule may be discussed and entered.**

5.    If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

## I.    TRIAL

1.    Has a demand for trial by jury been made?

[ ] YES    [X ] NO

2.    Estimate the number of days that trial will require.  5 days.

## J.    OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

[  ]  YES    [X ] NO

   i.       If the answer is *yes*, please explain:

   ii.      If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?  **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[  ]  YES    [X ] NO

By Defendants:  This matter concerns international employees who traditionally seek admission to the United States each year.  The parties may need to enter and exit the territorial United States for purposes of litigation and might seek an appropriate Order of Reference from the Court to facilitate.

**K.  SETTLEMENT**

   1.      Please set forth what efforts, if any, the parties have made to settle this case to date.

The parties discussed partial settlement of the case with respect to claims related to pre-employment expenses.  The parties intend to continue those discussion informally and may seek the assistance of a private mediator.

   2.      Do the parties wish to have a settlement conference:

[  ]  YES    [X] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

The parties discussed the possibility of engaging a private mediator in an effort to resolve part of the case at an early stage, but those discussions are ongoing.

By Defendants:  The parties are at accord that early mediation is likely a wise approach to

resolving Named Plaintiffs concerns related to Paragraph 4 of the Complaint and are agreed to

evaluate the timing and sequence of potentially proceeding by way of neutral in February of

2025.  Defendants wish to have a settlement conference in January, 2025, concerning the logistics

of resolving/liquidating Paragraph 4 of the Complaint.

**L.      CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge

and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to

have a Magistrate Judge handle all the remaining pretrial aspects of this case and

preside over a jury or bench trial, with appeal lying to the United States Court of

Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this

court: [  ]  YES      [X] NO

Report dated:  November 27, 2024

/s/ **Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email:  dan@estesdavislaw.com

/s/ **Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA  94710
Phone: (404) 590-1295
Email:  dawson@dawsonmorton.com

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone:  (828) 379-3169
Email:  jim@dawsonmorton.com

Attorneys for Plaintiffs