UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERNESTO JIMENEZ-GONZALEZ, ET AL.,**  **CIVIL ACTION**
on behalf of themselves and all others similarly
**situated**  **NO. 24-820-SDD-RLB**

**VERSUS**

**CORA TEXAS GROWERS AND HARVESTERS
AGRICULTURAL ASSOCIATION, INC., ET AL.**

### ORDER

The scheduling conference set for **December 12, 2024** is **CANCELED.**

The scope of **Phase One — 'Pre-Notice Discovery'** will be **limited** to those "facts and legal considerations"[1] necessary to determine whether potential opt-in plaintiffs are **similarly situated** such that this case should proceed as a collective action. *See Swales*, 985 F.3d at 441. The parties will then proceed with **motion practice** to determine "whether and to whom notice should be issued." *Id*. at 442.

Once the Court resolves any motions or the ultimate issue of notice, **Phase Two—Merits Discovery** can begin. This second phase would obviously focus on the merits of this FLSA claim.

**Phase One: Pre-Notice Discovery**

The **deadlines** established below will govern **Phase One — Pre-Notice Discovery**. These deadlines are based on the **parties' submissions** and are **final**:

1. Exchange Rule 26(a)(1) **Initial Disclosures**: **December 5, 2024.**

2. Complete **Phase One Discovery**: **April 30, 2025.**

   Again, Phase One Discovery is limited to those "facts and legal considerations" necessary to determine whether potential opt-in plaintiffs are **similarly situated**

---

[1] The parties indicated there is **no conflict**, and they do not anticipate any issues, as to the **scope** of Phase One — Pre-Notice Discovery, including the relevant material facts and legal considerations at issue. The parties likewise **do not intend** to elicit any evidence or testimony from **experts** during Phase One of discovery.

such that this case should proceed as a collective action. *See Swales*, 985 F.3d at 441.

3. **Motion to Proceed as Collective Action**:[2]

The Motion should ask the Court to determine if the potential opt-in plaintiffs are similarly situated such that Notice should be issued and this case should proceed on a collective basis. And if the case is allowed to proceed as a collective action, it should additionally ask the Court to issue a proposed Notice to potential opt-in plaintiffs.

If the **parties agree** on the issue, they may **jointly file** the Motion to Proceed as Collective Action by **May 21, 2025.**

But if Plaintiffs alone file the Motion, the **briefing schedule** will be governed by the **Local Rules** or **otherwise ordered** by the Court. Any hearing on that Motion will be at the Court's discretion and set by the Court.

Within **7 days** of the Court's **resolution** of the Motion to Proceed as Collective Action, **Plaintiff** is **ORDERED** to file a **Motion for Scheduling Conference** on **Phase Two — Merits Discovery**, so that a scheduling order can be entered establishing deadlines for discovery on the merits and the case may be set for trial.

If at any time before the **May 21, 2025** Motion deadline, Plaintiff decides to forgo a collective action and pursue only her individual FLSA claims, **Plaintiff** must **immediately notify** her opposing counsel and **file** the **Motion for Scheduling Conference** on **Phase Two — Merits Discovery**, so that this litigation may be set for trial.

The time limits set forth in this Order **will not be modified** without leave of Court and an **exceptional showing of good cause**, given the nature of this litigation. *See Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 435 (5th Cir. 2021) ("The trial court's notice-giving role is pivotal to advancing the goals and evading the dangers of collective actions. An employee cannot benefit from a collective action without accurate and timely notice."); *Gomez v. Glob.*

---

[2] The parties referred to this as a "Motion for Conditional Class Certification of Collective Action and for Notice to Prospective Class Members."

*Precision Sys., LLC*, -- F. Supp. 3d. -- , 2022 WL 12078578, at *7 (W.D. Tex. Oct. 20, 2022) ("For named plaintiffs, an FLSA action commences on the day the plaintiff(s) file a complaint. For opt-in plaintiffs, an FLSA action commences on the day the opt-in plaintiff(s) file written consent to opt in—that is, the day they opt into the collective."); *Stransky v. HealthONE of Denver, Inc*., 868 F. Supp. 2d 1178, 1180–82 (D. Colo. 2012) (tolling statute of limitations for potential opt-in plaintiffs who had not yet received notice of the action).[3] Further, a motion to extend any deadline set by this Order must be filed **before** its expiration.

Parties are directed to consult the Middle District's Administrative Procedures which contains additional mandatory filing rules and procedures. The Administrative Procedures are available for viewing and download on the court's website (https://www.lamd.uscourts.gov) under "E-Filing," "CM/ECF Info," "Administrative Procedures."

The parties may contact the court at (225) 389-3592 should they wish to schedule a settlement conference.

Signed in Baton Rouge, Louisiana, on December 10, 2024.

                                                     **RICHARD L. BOURGEOIS, JR.**
                                                     **UNITED STATES MAGISTRATE JUDGE**

---

[3] All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16(b)(4) of the Federal Rules of Civil Procedure. Extensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery.