# EXHIBIT 7

# DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERNESTO JIMINEZ-GONZALEZ and JOSE ALBERTO TORRES-MARTINEZ ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED** | No: 3:24-cv-00820<br><br>**JUDGE SHELLY D. DICK** |
| V. | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |
| **CORA TEXAS GROWERS AND HARVESTERS AGRICULTURAL ASSOCIATION, INC AND CORA TEXAS MANUFACTURING COMPANY, LLC** | |

## DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION

NOW INTO COURT, through undersigned counsel, come Defendants, Cora Texas Growers and Harvesters Agricultural Association, Inc. and Cora Texas Manufacturing Company, LLC (collectively, "Defendants" or "Cora Texas"), who, without waiving any rights, objections, claims, privileges or defenses, pursuant to Rule 36 of the Federal Rules of Civil Procedure, submit the following Responses to Request for Admissions propounded by Plaintiffs on December 20, 2024, subject to any objections as set forth herein.

Defendants further note that due to the early stage of discovery in this matter, Defendants reserve the right to supplement or amend their responses as more information becomes available. Any answers provided in connection with responses to Requests for Admission are based upon information presently known to Defendants and are given without prejudice to Defendants' rights to produce evidence of any subsequently discovered documents or facts. In addition, Defendants do not concede the relevancy or materiality of the information sought in Plaintiffs' Requests for Admission, or of the subject matter to which the Plaintiffs' Requests for Admission refer.

Defendants' answers to any Requests for Admission are made subject to, and without waiving in any way and without intending to waive, any questions or objections as to competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents, information referred to, answers given herein, or of the subject matter thereof, in any proceeding. Subject to any and all specific objections stated herein and in response to a specific Requests for Admission and without waiving any objection, Defendants respond to Plaintiffs' Requests for Admission as follows:

### REQUEST FOR ADMISSION NO. 1

Admit that between September 1, 2021 and the present you did not pay time and one half overtime pay to individuals employed by you who were assigned to perform the job duties of operating a heavy tractor-trailer truck to transport raw sugarcane from locations in Louisiana to a processing mill also located in Louisiana when they worked more than 40 hours in a given workweek.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1

Defendants object to Request for Admission No. 1 on the grounds that it seeks information beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any request for information or documents beyond the three-year period preceding the filing of this action on October 2, 2024, specifically beyond October 2, 2021, is irrelevant to the claims or defenses in this case and is not proportional to the needs of the case. Defendants further object to this Request on the grounds that it improperly calls for a legal conclusion, which is not the proper subject of a request for admission, and which Defendants are not required to admit or deny. Subject to the foregoing objections and supplementation, admitted.

### REQUEST FOR ADMISSION NO. 2

Admit that for individuals employed by you between September 1, 2021 and the present who were assigned to perform the job duties of operating a heavy tractor-trailer truck to transport raw sugarcane from locations in Louisiana to a processing mill also located in Louisiana you paid those individuals an hourly wage rate that was exactly equal to the Adverse Effect Wage Rate applicable at the time.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2

Defendants object to Request for Admission No. 2 on the grounds that it seeks information beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any request for information or documents beyond the three-year period preceding the filing of this action on October 2, 2024, specifically beyond October 2, 2021, is irrelevant to the claims or defenses in this case and is not proportional to the needs of the case. Subject to the foregoing objection and supplementation, Defendants admit that individuals employed between September 1, 2021, and the present who were assigned to perform the job duties of operating a heavy tractor-trailer truck to transport raw sugarcane from locations in Louisiana to a processing mill also located in Louisiana were not paid less than the hourly rates specified on the applicable Job Clearance Orders.

**REQUEST FOR ADMISSION NO. 3**

Admit that you maintain just one office to prepare and process payroll.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Denied.

**REQUEST FOR ADMISSION NO. 4**

Admit that for each of the 2021, 2022, 2023, and 2024 sugarcane seasons you employed more than one hundred (100) individuals with H-2A visas who were assigned to perform the job duties of operating a heavy tractor-trailer truck to transport raw sugarcane from locations in Louisiana to a processing mill also located in Louisiana.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Defendants object to Request for Admission No. 4 on the grounds that it seeks information beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any request for information or documents beyond the three-year period preceding the filing of this action on October 2, 2024, specifically beyond October 2, 2021, is irrelevant to the claims or defenses in this case and is not proportional to the needs of the case. Subject to the foregoing objection and supplementation, admitted.

**REQUEST FOR ADMISSION NO. 5**

For the time period between September 1, 2021 and the present, admit that for all individuals you employed who performed the job duties of operating a heavy tractor-trailer truck to transport raw sugarcane from locations in Louisiana to a processing mill also located in

Louisiana and were paid at the Adverse Effect Wage Rate, that those individuals all worked under the same job title listed in the H-2A job orders that were filed with the United States government each year.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

Defendants object to Request for Admission No. 5 on the grounds that it seeks information beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any request for information or documents beyond the three-year period preceding the filing of this action on October 2, 2024, specifically beyond October 2, 2021, is irrelevant to the claims or defenses in this case and is not proportional to the needs of the case. Subject to the foregoing objection and supplementation, denied as written.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Brandon Davis*
Brandon Davis (La Bar #29823)
Caroline E. Perlis (La Bar #40905)
Marcellus D. Chamberlain (*Admitted Pro Hac Vice*)
Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Facsimile: 504-568-9130
brandon.davis@phelps.com
caroline.perlis@phelps.com
marcellus.chamberlain@phelps.com
jennifer.clewis@phelps.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendants' Responses to Plaintiffs' Requests for Admission has been served upon all counsel of record/parties in this proceeding in accordance with the Federal Rules of Civil Procedure on this 31st day of January, 2025.

>  /s/ Brandon E. Davis
>  BRANDON E. DAVIS

5

PD.48283728.1