EXHIBIT 6

DEFENDANTS' RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES

K.Nunez, N.Kessler, T.Doi
04.28.25
**Exhibit 006**
ALYSSA A. REPSIK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERNESTO JIMINEZ-GONZALEZ and JOSE ALBERTO TORRES-MARTINEZ ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED** | No: 3:24-cv-00820<br><br>JUDGE SHELLY D. DICK |
| V. | MAGISTRATE JUDGE<br>RICHARD L. BOURGEOIS, JR. |
| **CORA TEXAS GROWERS AND HARVESTERS AGRICULTURAL ASSOCIATION, INC AND CORA TEXAS MANUFACTURING COMPANY, LLC** | |

**DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

NOW INTO COURT, through undersigned counsel, come Defendants, Cora Texas Growers and Harvesters Agricultural Association, Inc. and Cora Texas Manufacturing Company, LLC (collectively, "Defendants" or "Cora Texas"), who, without waiving any rights, objections, claims, privileges or defenses, pursuant to Rule 33 of the Federal Rules of Civil Procedure, submit the following Responses and Objections to the Interrogatories, propounded by Plaintiffs on December 20, 2024, subject to any objections as set forth herein.

Due to the early stage of discovery in this matter, Defendants reserve the right to supplement or amend their responses as more information becomes available. Any answers provided in connection with responses to Interrogatories are based upon information presently known to Defendants and are given without prejudice to Defendants' rights to produce evidence of any subsequently discovered documents or facts. In addition, Defendants do not concede the relevancy or materiality of the information sought in Plaintiffs' Interrogatories, or of the subject matter to which the Plaintiffs' Interrogatories refer. Defendants' answers to any Interrogatory are

1

made subject to, and without waiving in any way and without intending to waive, any questions or objections as to competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents, information referred to, answers given herein, or of the subject matter thereof, in any proceeding. Subject to any and all specific objections stated herein and in response to a specific Interrogatory and without waiving any objection, Defendants respond to Plaintiffs' Interrogatories as follows:

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**

For each year between 2021 and the present, please state the number of individuals, and identify each such individual, who were assigned to operate a heavy tractor-trailer truck to transport raw sugarcane from locations in Louisiana to a processing mill also located in Louisiana as one of their job duties during any workweek during that year.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to Interrogatory No. 1 on the grounds that it seeks information beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any request for information or documents beyond the three-year period preceding the filing of this action on October 2, 2024, specifically beyond October 2, 2021, is irrelevant to the claims or defenses in this case and is not proportional to the needs of the case. Defendants further object to this Interrogatory because it is overly broad and places an undue burden on Defendants that is not proportionate to the needs of this case. Subject to the foregoing objections and supplementation, Defendants do not concede that any putative class member or Named Plaintiff operated a heavy tractor-trailer truck to transport raw sugarcane from locations in Louisiana to a processing mill also located in Louisiana. Defendants respond as follows:

| Year | Number of individuals assigned to operate a heavy tractor-trailer truck to transport raw sugarcane from locations in Louisiana to a processing mill also located in Louisiana as one of their job duties during any workweek during that year |
|---|---|
| 2021 | 243 |

2

| | |
|---|---|
| 2022 | 246 |
| 2023 | 211 |
| 2024 | 221 |

**INTERROGATORY NO. 2:**

If Defendant Cora Texas Growers and Harvesters Agricultural Association, Inc. denied Plaintiffs' Request for Admission No. 1, please state the total number of individuals who performed the job duty of operating a heavy tractor-trailer truck to transport raw sugarcane from locations in Louisiana to a processing mill also located in Louisiana and identify those individuals who received overtime pay when they worked more than 40 hours in a given workweek between September 1, 2021 and the present, broken down by year for each of the years between 2021 and the present, including the weeks in which those individuals received overtime pay.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs' Request for Admission No. 1 was admitted subject to objection and/or supplementation. Consequently, no response to Interrogatory No. 2 is required.

**INTERROGATORY NO. 3:**

If Defendant Cora Texas Growers and Harvesters Agricultural Association, Inc. denied Plaintiffs' Request for Admission No. 2, please state the total number of individuals who performed the job duty of operating a heavy tractor-trailer truck to transport raw sugarcane from locations in Louisiana to a processing mill also located in Louisiana and identify those individuals who received an hourly wage rate different than the Adverse Effect Wage Rate applicable at the time, broken down by year for each of the years between 2021 and the present, including the weeks in which those individuals received an hourly wage rate different than the Adverse Effect Wage Rate.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 on the grounds that it seeks information beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any request for information or documents beyond the three-year period preceding the filing of this action on October 2, 2024, specifically beyond October 2, 2021, is irrelevant to the claims or defenses in this case and is not proportional to the needs of the case. Subject to the foregoing objection and supplementation, Plaintiffs' Request for Admission No. 2 was admitted subject to objection and/or supplementation. Consequently, no response to Interrogatory No. 3 is required. To the extent a response to Interrogatory No. 3 is required,

3

Defendants reference Rule 33(d) of the Federal Rules of Civil Procedure and produce the documents bates labeled CORA TEXAS – 000045-000068; CORA TEXAS – 000088-000113; CORA TEXAS – 000129-000154; CORA TEXAS – 000199-000225; CORA TEXAS – 000335-000360; CORA TEXAS – 000781-000822; CORA TEXAS – 000846-000853; CORA TEXAS – 000863-000956; CORA TEXAS – 000979-001094; and CORA TEXAS – 001103-001116 from which responsive information can be ascertained, subject to supplementation.

**INTERROGATORY NO. 4:**

For H-2A workers employed at any time between September 1, 2021 and the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport raw sugarcane from locations in Louisiana to a processing mill also located in Louisiana, please describe in detail your policy and/or practice between 2021 and the present with respect to reimbursement of those H-2A workers following their first workweek of employment for the costs of their hotel expenses while waiting for Consular processing in their country of origin, visa fees, border crossing fees, transportation costs, and costs associated with obtaining a drivers' license to operate heavy tractor-trailer trucks. If your policy and/or practice was to not reimburse some or all of these expenses following the H-2A workers' first workweek, please so state. Please include in your response details with respect to how you calculated any reimbursement amounts paid to those H-2A workers with respect to these expenses, identify any documents used in those calculations, and identify the individuals who performed such calculations and those who have knowledge of the calculations performed.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that it seeks information beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any request for information or documents beyond the three-year period preceding the filing of this action on October 2, 2024, specifically beyond October 2, 2021, is irrelevant to the claims or defenses in this case and is not proportional to the needs of the case. Defendants further object to this Interrogatory to the extent that it calls for a legal conclusion, and deny any policy or practice that does not align with Federal Guest Labor Regulatory Guidelines. Subject to the foregoing objections and supplementation, Defendants reference Rule 33(d) of the Federal Rules of Civil Procedure and produce the documents bates labeled CORA TEXAS – 000045-000113; CORA TEXAS – 000129-000154; CORA TEXAS – 000199-000225; and CORA TEXAS – 000335-000360 from which responsive information can be ascertained, subject to supplementation.

**INTERROGATORY NO. 5:**

For H-2A workers employed between September 1, 2021 and the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport raw sugarcane from locations in Louisiana to a processing mill also located in Louisiana, please state

the location or locations where those individuals were required to clock-in and clock-out each work day.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 on the grounds that it seeks information beyond the three-year statute of limitations applicable to claims under both the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Act. The FLSA provides for a statute of limitations of two years for standard violations and up to three years for willful violations. Similarly, the Louisiana Wage Payment Act requires claims to be filed within three years from the date the wages were due. Therefore, any request for information or documents beyond the three-year period preceding the filing of this action on October 2, 2024, specifically beyond October 2, 2021, is irrelevant to the claims or defenses in this case and is not proportional to the needs of the case. Defendants further object to this Interrogatory on the grounds that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Subject to the foregoing objections and supplementation, Defendants submit that the addresses for the locations where H-2A workers employed between October 2, 2021 and the present in which their job duties at any point in time included operating a heavy tractor-trailer truck to transport raw sugarcane from locations in Louisiana to a processing mill also located in Louisiana were required to clock-in and clock-out each work day are as follows: (1) 3850 Rosedale Rd., Port Allen, LA 70767, and (2) 32505 LA-1, White Castle, LA 70788.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Brandon Davis*
Brandon Davis (La Bar #29823)
Caroline E. Perlis (La Bar #40905)
Marcellus D. Chamberlain (*Admitted Pro Hac Vice*)
Jennifer Clewis Thomas (*Admitted Pro Hac Vice*)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Facsimile: 504-568-9130
brandon.davis@phelps.com
caroline.perlis@phelps.com
marcellus.chamberlain@phelps.com
jennifer.clewis@phelps.com

5

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of Defendants' Responses to Plaintiffs' First Set of Interrogatories has been served upon all counsel of record/parties in this proceeding in accordance with the Federal Rules of Civil Procedure on this 31st day of January, 2025.

                                          */s/ Brandon E. Davis*
                                          BRANDON E. DAVIS

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERNESTO JIMINEZ-GONZALEZ and JOSE ALBERTO TORRES-MARTINEZ ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED** | No: 3:24-cv-00820<br><br>JUDGE SHELLY D. DICK |
| V. | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| **CORA TEXAS GROWERS AND HARVESTERS AGRICULTURAL ASSOCIATION, INC AND CORA TEXAS MANUFACTURING COMPANY, LLC** | |

## VERIFICATION

STATE OF LOUISIANA
PARISH OF IBERVILLE

BEFORE ME, the undersigned authority, personally appeared, **KATIE RAMAGOS SISTRUNK NUÑEZ,** who after being first duly sworn, did depose and say:

I have reviewed Defendants' Responses to Plaintiffs' First Set of Interrogatories and verify that they are true and correct to the best of my knowledge, information, and belief.

Acknowledged and Agreed:

*/s/ Katie Ramagos Sistrunk Nuñez*
KATIE RAMAGOS SISTRUNK NUÑEZ

PD.48283953.1