UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ERNESTO JIMENEZ-GONZALES AND JOSE ALBERTO TORRES-MARTINEZ, ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED | CIVIL ACTION NO.  3:24-CV-00820 |
| | JUDGE SHELLY D. DICK |
| | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| VERSUS | |
| CORA TEXAS GROWERS AND HARVESTERS AGRICULTURAL ASSOCIATION, INC. AND CORA TEXAS MANUFACTURING COMPANY, LLC. | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 23 CLASS CERTIFICATION**

NOW INTO COURT, through undersigned counsel, come defendants, Cora Texas Growers and Harvesters Agricultural Association, Inc. (the "Cora Association") and Cora Texas Manufacturing, LLC (collectively "Defendants"), who respectfully submit this Memorandum in Opposition to Plaintiffs' Motion for Rule 23 Class Certification.  For the reasons addressed more fully below, Plaintiffs' Motion for Rule 23 Class Certification ("Plaintiffs' Motion") must be denied.

I.    BACKGROUND

Plaintiffs, Ernesto Jimenez-Gonzales and Jose Alberto Torres-Martinez ("Plaintiffs") allege that they were employed as truck drivers for the Cora Association.  Plaintiff Jimenez-Gonzales was employed in 2019, 2020, 2021, 2022, and 2023.[1]  Plaintiff Torres-Martinez was

---

[1] R. Doc. 1, ¶ 12; Deposition of Ernesto Jimenez-Gonzales, p. 108 (awaiting certified copy) (attached and hereinafter referenced as "Exhibit 1").

employed in 2021, 2022, and 2023.  Neither plaintiff was employed in 2024.[2]  Defendant, the Cora

Association, is an association of growers and harvesters who engage in the growing of sugarcane

and other crops.[3]  After sugarcane is harvested from the farm where it was grown, it must be

transported to a sugar mill for processing.  The Cora Association employs agricultural workers to

haul the sugarcane from the farms to the mill.  In all relevant years, the Cora Association sought

and obtained temporary labor certifications from the United States Department of Labor for

agricultural workers to transport harvested sugarcane to the mill in H-2A status.

Notwithstanding that Plaintiffs repeatedly applied for H-2A visas to work for the Cora

Association in jobs that were authorized by the terms of the employment contracts (or "Job

Orders") the federal government issued, Plaintiffs now challenge the terms of the Job Orders they

accepted and performed years ago.  On October 2, 2024, Plaintiffs filed this Complaint alleging

claims under the Louisiana Wage Payment Act ("LWPA") and for breach of contract, seeking to

represent a class action compromising "[a]ll individuals admitted as H-2A temporary foreign

workers who were employed by Defendants as truck drivers hauling harvested sugarcane within

the state of Louisiana during the 2021, 2022, 2023, and/or 2024 sugarcane seasons."[4]  Plaintiffs

allege that Defendants breached the applicable employment contracts by failing to reimburse

Plaintiffs and other class members for pre-employment expenses; failing to pay the wage rate

applicable to the jobs they performed; failing to pay overtime wages; and, failing to pay all wages

due upon completion of contract.[5]  Plaintiffs' LWPA claim is based on Defendants' alleged failure

to pay the wages due to each Plaintiff under the terms of their employment contracts within 15

---

[2] R. Doc. 1, ¶ 13.
[3] Defendant, Cora Texas Manufacturing Company, LLC did not act as the Plaintiffs' employer and did not petition
the Department of Labor for any Temporary Labor Certifications.
[4] R. Doc. 1, ¶ 69.
[5] R. Doc. 1, ¶ 90.

2

days of their resignation or discharge.[6]    Plaintiffs now ask this Court to issue an Order certifying

a class, finding that Plaintiffs are adequate class representatives, and appointing their counsel as

class counsel with respect to Plaintiffs' breach of contract and LWPA claims.

In addition to breach of contract and LWPA claims, Plaintiffs also allege violations of the

Fair Labor Standards Act ("FLSA"), arguing that they were misclassified as exempt agricultural

workers and instead were owed overtime wages for hours worked in excess of forty in a workweek,

and that they were not properly reimbursed for pre-employment expenses, resulting in H-2A

workers earning less than minimum wage during their first workweek.[7]

## II.    LAW & ARGUMENT

Plaintiffs state law claims for breach of contract and violation of the LWPA are not suitable

for class certification under Rule 23 because the exercise of supplemental jurisdiction over

Plaintiffs' state law claims would cause confusion amongst potential class members, thwarting

Rule 23's purpose of promoting judicial economy.  Further, Plaintiffs' breach of contract claim is

nothing more than a reassertion of Plaintiffs' reimbursement and overtime claims under the Fair

FLSA.  Therefore, the breach of contract claim is not susceptible to Rule 23 class certification and

is only properly considered under the standards for collective action certification.[8]    Finally,

Plaintiffs fail to meet their burden of proving that the requirements of Rules 23(a) and 23(b) are

met for purposes of class certification.  For each of these reasons, as discussed more fully below,

Plaintiffs' Motion must be denied.

---

[6] R. Doc. 1, ¶ 93-96.

[7] Plaintiffs do not seek Rule 23 class certification concerning their claims under the FLSA. Instead, Plaintiffs' claims under the FLSA are the subject of their Motion for 29 U.S.C. § 216(b) Notice to Similarly Situated Workers and for Disclosure of Contact Information (R. Doc. 32).

[8] For the reasons set forth fully in Defendants' Memorandum in Opposition to Plaintiffs' Motion for 29 U.S.C. § 216(b) Notice of Similarly Situated Workers and for Disclosure of Contact Information (R. Doc. 34), Plaintiffs' reimbursement claim is unsuitable for collective action certification.

**A. This Court Should Decline Supplemental Jurisdiction Over Plaintiffs' Breach of Contract and LWPA Claims and Dismiss Plaintiffs' Motion for Class Certification.**

This Court has subject matter jurisdiction over Plaintiffs' FLSA claims in this matter under 28 U.S.C. § 1331, as the claims raise federal questions.[9]  This Court may also exercise supplemental jurisdiction over Plaintiffs' state law breach of contract and LWPA claims under 28 U.S.C. §1367(a),[10] but the use of supplemental jurisdiction is discretionary.[11]  Notably, 28 U.S.C. §1367(c) permits district courts to decline supplemental jurisdiction "in exceptional circumstances" where "there are other compelling reasons for declining jurisdiction."[12]  Given the exceptional circumstances of this case, this Court should exercise its discretion to decline supplemental jurisdiction over Plaintiffs' state law breach of contract and LWPA claims, as these exceptional circumstances present compelling reasons to do so.

Plaintiffs currently seek to simultaneously certify two separate classes in this case: a Federal Rule of Civil Procedure 23 class action consisting of hundreds of "opt-out" plaintiffs, and an FLSA Section 216(b) collective action consisting of hundreds of "opt-in" plaintiffs.[13]  Pursuing a collective action and a class action within a single lawsuit poses a risk of procedural complexity that may confuse putative plaintiffs of both classes.[14]  Notably, the classes may vary in types and sizes and may require differing mechanisms for participation in the class, or lack thereof.[15]  These complexities, which are likely to create confusion, may result in unintentional waivers of rights or

---

[9] *See* 28 U.S.C. § 1331.

[10] *See* 28 U.S.C. § 1367(a).

[11] 28 U.S.C. § 1367(c); *Meroney v. Pharia, LLC*, 688 F. Supp. 2d 550, 555 (N.D. Tex. 2009) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966) ("Supplemental jurisdiction over state law claims is a 'doctrine of discretion, not a plaintiff's right.'").

[12] 28 U.S.C. § 1367(c).

[13] *See* R. Doc. 32.

[14] *See De Luna-Guerrero v. North Carolina Grower's Ass'n, Inc.*, 338 F. Supp.2d 649, 653 (E.D.N.C. 2004) (finding that certification of multiple classes, including an FLSA collective action class and a Rule 23 class action class, would create confusion amongst potential plaintiffs, many of whom did not speak english and were unfamiliar with the U.S. legal system).

[15] *De Luna-Guerrero*, 338 F. Supp.2d at 653.

PD.49788968.1

uninformed decisions regarding participation.  This is particularly true given Plaintiffs' belief that this case necessitates sending notice to hundreds of foreign nationals who have worked for the Cora Association under the H-2A program.  "These potential plaintiffs, many of whom do not speak English and are unfamiliar with the legal system of this country, will be even more confused by multiple notifications regarding two separate classes and separate claims."[16]

This is not the first time that a court has been presented with this issue.  In *DeLuna-Guerrero v. North Carolina Grower's Assn.*, the court declined to exercise supplemental jurisdiction over plaintiffs' state law claims.[17]  The court determined that having an FLSA opt-in class and a Rule 23 opt-out class would cause undue confusion to potential H-2A plaintiffs who did not speak English or have familiarity with the U.S. judicial system.[18]  Moreover, the court noted that sending notices for opt-in collective actions while simultaneously proceeding with a Rule 23 opt-out class would cause too much confusion and therefore, would undermine judicial efficiency.[19]  Ultimately, the court in *DeLuna-Guerrero* dismissed the plaintiffs' state law claims.[20] The same concerns regarding confusion and the undermining of judicial efficiency that were present in *DeLuna-Guerrero* are also at issue in this case.  For this reason, this Court should refrain from exercising supplemental jurisdiction over Plaintiffs' state law claims like the court in *DeLuna-Guerrero*.

While class actions and collective actions share the objective of enhancing judicial efficiency and economy,[21] attempting to merge them into a single lawsuit, particularly under these

---

[16] *Id*.
[17] *Id*.
[18] *Id*.
[19] *Id*.
[20] *Id*.
[21] *Zachery v. Texaco Expl. & Prod., Inc.*, 185 F.R.D. 230, 246 (W.D. Tex. 1999) ("A class action is designed to promote judicial economy"); *Basco v. Wal-Mart Stores, Inc.*, No. CIV.A. 00-3184, 2004 WL 1497709, at *5 (E.D. La. July 2, 2004) ("[T]he aim of a collective action is to promote judicial economy…").

PD.49788968.1

circumstances, risks undermining the exercise of potential class members' rights with respect to their claims. Even then, judicial efficiency is not best promoted by requiring the Court to simultaneous juggle two classes, particularly when they are procedurally distinct.[22]  Given the existence of these exceptional circumstances, Defendants ask this Court to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims, and in turn, deny Plaintiffs' motion for class certification under Rule 23.  Doing so would best promote judicial efficiency and protect the rights of potential plaintiffs.

**B. Plaintiffs' Breach of Contract Claim is a Reassertion of their FLSA Reimbursement Claim and is Not Suitable for Rule 23 Class Certification.**

In addition to bringing reimbursement and overtime claims under the FLSA, Plaintiffs also assert a breach of contract claim.  However, Plaintiffs' breach of contract claim is nothing more than a reassertion of their reimbursement claim under the FLSA.  It therefore does not present independent grounds for class action certification under Rule 23.

In their breach of contract claim, Plaintiffs have merely "re-packaged" their FLSA reimbursement and overtime claims.  The following chart is illustrative of the identical nature of Plaintiffs' FLSA claims and breach of contract claims:

| Plaintiffs' FLSA Claims in Complaint | Plaintiffs' Breach of Contract Claims in Complaint |
|---|---|
| The violations of the FLSA minimum wage provisions resulted from the Defendants' **failure to reimburse** Plaintiffs and others similarly situated for certain pre-employment expenses they incurred which were primarily for Defendants' benefit, reducing Plaintiffs' and other H-2A workers' wages below the minimum wage for the first workweek." (R. Doc. 1 ¶ 81) (emphasis added) | Failing to pay the Plaintiffs and other class members the required hourly wage rate for every hour of work during their first workweek as a result of Defendants' **failure to properly reimburse** the Plaintiffs and other class members for the pre-employment expenses they incurred to work for Defendants. (R. Doc. 1 ¶ 90(a)) (emphasis added) |
| The Defendants violated the overtime wage | Failing to pay the Plaintiffs and other class |

---

[22] *De Luna-Guerrero*, 338 F. Supp.2d at 653 ("However, judicial efficiency will be better promoted by dismissal of the state law claims for lack of jurisdiction.").

6

| provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay Plaintiffs and all others similarly situated one and one-half time their regular rate of pay when they worked more than 40 hours in a workweek. (R. Doc. 1 ¶ 82) | members overtime wages when they worked more than 40 hours in a workweek, in violation of contract promises to comply with all federal laws related to employment and an express promise in the contracts that "[o]vertime will be paid for 'non-exempt work activities.'" (R. Doc. 1 ¶ 90(c)) |
|---|---|

While Plaintiffs have attempted to "repackage" their FLSA claims as additional breach of contract claims, these claims for breach of contract fall squarely within the scope of the FLSA claims asserted by Plaintiffs and for which Plaintiffs have already asked this Court to certify collective action.[23]  Plaintiffs cannot now also seek to have the same claims certified as a class action under Rule 23.

A similar issue arose in *Salas-Mateo v. Ochoa*.[24] In *Salas-Mateo*, Mexican nationals employed pursuant to H-2A visas brought a collective action under the FLSA and a separate claim that defendants had breached employment contracts by not paying plaintiffs minimum wage consistent with the FLSA and failing to fully reimburse transportation and other costs incurred by plaintiffs.[25]  Importantly, the court held that plaintiffs could not pursue their breach of contract claim for reimbursement because the claim fell under the scope of plaintiffs' FLSA claims.[26]  The court only permitted plaintiffs to pursue breach of contract claims to the extent that they were not within the scope of the FLSA.[27]

Courts in this circuit have relied on *Salas-Mateo*.  Notably, the Eastern District of Louisiana stated in its decision in *Castellanos-Contreras* that "issues falling within the scope of

---

[23] R. Doc. 32.
[24] *Salas-Mateo v. Ochoa*, No. 03-14357-CIV, 2004 WL 1824124 (S.D. Fla. Mar. 26, 2004).
[25] *Salas-Mateo*, No. 03-14357-CIV, 2004 WL 1824124 at * 1.
[26] *Salas-Mateo*, No. 03-14357-CIV, 2004 WL 1824124 at * 2.
[27] *Id*.

the FLSA collective action cannot be certified as class claims."[28]   Plaintiffs' breach of contract

claim is not additional to its claims for violations of the FLSA.  This is particularly true where the

provisions of the contract which Plaintiffs claim have been breached merely incorporate

preexisting requirements imposed upon employers by the FLSA.  As such, any alleged breach of

these terms inherently falls within the scope of Plaintiffs' FLSA claims.  Ultimately, Plaintiffs'

breach of contract claims with respect to reimbursement and overtime are duplicative reassertions

of Plaintiffs' FLSA claims. As such, they are not susceptible to class certification under Rule 23.

### C.  Plaintiffs Fail to Meet the Requirements of Rule 23(a) and Rule 23(b).

In addition to the reasons stated above, class action certification in this case is improper

because Plaintiffs fail to meet the requirements for certification set forth in Rule 23(a) and Rule

23(b) of the Federal Rules of Civil Procedure.  Class actions are "an exception to the usual rule

that litigation is conducted by and on behalf of the individual named parties only."[29]   Justification

of the departure from the usual rule requires a class representative to be "part of the class and

'possess the same interest and suffer the same injury' as the class members."[30]   Rule 23 of the

Federal Rules of Civil Procedure governs class actions and "ensures that the named plaintiffs are

appropriate representatives of the class whose claims they wish to litigate."[31]

To certify a class pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, the

moving party must meet four mandatory prerequisites:

> (1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2)
> commonality ('questions of law or fact common to the class'); (3) typicality (named

---

[28] *Castellanos-Contreras v. Decatur Hotels, LLC*, No. CV 06-4340-EEF-SS, 2006 WL 8440067, at *5 (E.D. La. Dec. 12, 2006).

[29] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (citing *Califano v. Yamasaki,* 442 U.S. 682, 700–701 (1979)).

[30] *Wal-Mart Stores, Inc.*, 564 U.S. at 349 (citing *East Tex. Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977)).

[31] *Wal-Mart Stores, Inc.*, 564 U.S. at 349.

PD.49788968.1

parties' claims or defenses 'are typical… of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interest of the class').[32]

These four requirements are intended to "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims."[33]

"In addition to these prerequisites, a party seeking class certification under Rule 23(b)(3) must also demonstrate both (1) that questions common to the class members predominate over questions affecting only individual members, and (2) that class resolution is superior to alternative methods for adjudication of the controversy."[34]  The requirements set forth by Rule 23(b)(3) are often referred to as the predominance and superiority requirements.

"Recognizing the important due process concerns of both plaintiffs and defendants inherent in certification decision, the Supreme Court requires district courts to conduct a rigorous analysis of Rule 23 prerequisites."[35]  "Frequently, that 'rigorous analysis' will entail some overlap with merits of the plaintiff's underlying claim. That cannot be helped."[36]  As the U.S. Supreme Court has explained:

> Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc… '[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.'[37]

Thus, Plaintiffs must present "significant proof" demonstrating the requirements of Rule 23 have been met.[38]  This is because "it is the party seeking certification who bears the burden of

---

[32] *Madison v. Chalmette Refining, L.L.C.*, 637 F.3d 551, 554 (5th Cir. 2011) (quoting *Amchem Prods. V. Windsor*, 521 U.S. 591, 613 (1997)) (alterations in original).

[33] *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 156 (1982) (quoting *General Telephone Co. of Northwest v. EEOC,* 446 U.S. 318, 330 (1980)) (internal citations omitted).

[34] *Madison*, 637 F.3d at 554 (quoting *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 129 (5th Cir. 2005)).

[35] *Madison*, 637 F.3d at 554 (quoting *Unger v. Amedisys Inc.*, 401 F.3d 316, 320-21 (5th Cir. 2005)).

[36] *Wal-Mart Stores, Inc.*, 564 U.S. at 351.

[37] *Id*. at 351-52.

[38] *Id*. at 353.

9

establishing that the requirements of Rule 23 have been met."[39] Plaintiffs have failed to meet this

burden for each of the foregoing reasons.

### 1. The Named Plaintiffs are Not Suitable Class Representatives.

Plaintiffs have failed to show that they are suitable class representatives.  Specifically,

Plaintiffs fail to demonstrate that they can fairly and adequately represent the class.  To satisfy

Rule 23(a)(4)'s "adequacy of representation" prerequisite, the named representatives must

demonstrate that they will fairly and adequately represent the interests of the class.[40]  It is clear the

burden is on the party seeking class certification to establish that the representation is adequate.[41]

"Plaintiff… has the burden of showing that the alleged representatives are members of the class

and that interests of absent class members will be adequately protected."[42]

Plaintiffs' circumstances foreclose their ability to adequately represent a class.  For

example, neither Plaintiff was employed in 2024, so they could not represent employees who

worked for the Cora Association in 2024.[43]  Moreover, Jimenez-Gonzales was terminated from

employment, so the circumstances surrounding his final pay, are not representative of others in the

case.[44]

Additionally, the Named Plaintiffs have failed to demonstrate an understanding of or even

familiarity with the claims at issue in this case, affecting their ability to adequately represent the

legal interests of all members.  The Fifth Circuit has determined that "[t]he adequacy requirement

mandates an inquiry into [1] the zeal and competence of the representatives[s]' counsel and… [2]

the willingness and ability of the representative[s] to take an active role in and control the litigation

---

[39] *Madison*, 637 F.3d at 554-55 (quoting *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir. 2003)).
[40] Fed. R. Civ. Proc. 23(a)(4).
[41] *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 481 (5th Cir. 2001).
[42] C. WRIGHT & A. MILLER, 7 FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1765 (1972).
[43] *See* R. Doc. 1, ¶¶ 12-13.
[44] Exhibit 1, p. 108.

and to protect the interest of the absentees[.]"[45] This "require[s] the class representatives to possess a sufficient level of knowledge and understanding."[46] While this does not require that class representatives be legal scholars, "plaintiffs do need to know more than that they were 'involved in a bad business deal.'"[47]

Plaintiffs' deposition testimony reveals a concerning lack of knowledge about the fundamental aspects of this case. For example, Plaintiff Torres-Martinez admitted to being unaware of whether he received reimbursement for travel expenses.[48] Further, he demonstrated a lack of understanding regarding the relevance of documents produced by his counsel.[49] Perhaps most notably, when asked if he "ever read the complaint that was filed, under [his] name," Torres-Martinez answered "no."[50] Torres-Martinez also confessed that his complaint had not been provided to him.[51] Similarly, Plaintiff Jimenez-Gonzales testified in his deposition that he did not read or review the 2021, 2022, or 2023 contracts which he represents were breached by Defendants in this lawsuit.[52] Moreover, he testified that he was unaware whether he even had a contract with the Cora Association, and that he was further "unaware of everyone's situation" when asked if that statement was true for all other class members he purports to represent.[53] Overall, Plaintiffs' deposition testimony reflects lack of insight and engagement with the claims in this case.

Plaintiffs' demonstrated lack of insight on the claims in this case risks undermining the due process rights and claims of absent members of the class. Because "absent class members are

---

[45] *Berger*, 257 F.3d at 479 (citing *Horton v. Goose Creek Indep. Sch. Dist.,* 690 F.2d 470, 484 (5th Cir.1982)).
[46] *Berger*, 257 F.3d at 482.
[47] *Id*. at 483.
[48] Deposition of Jose Alberto Torres-Martinez, pp. 13-14 (awaiting certified copy) (hereinafter referenced as "Exhibit 2").
[49] Exhibit 2, pp. 15-16.
[50] Exhibit 2, p. 16.
[51] Exhibit 2, p. 16.
[52] Exhibit 1, pp. 58-59.
[53] Exhibit 1, pp. 76-77.

conclusively bound by the judgment in any class action brought on their behalf, the court must be especially vigilant to ensure that the due process rights of all class members are safeguarded through adequate representation at all times."[54]  "Class action lawsuits are intended to serve as a vehicle for capable, committed advocates to pursue the goals of the class members through counsel, **not** for capable, committed counsel to pursue their own goals through those class members."[55]  While Defendants do not dispute that Plaintiffs' counsel is capable and committed, they are not permitted to pursue class action litigation where the Named Plaintiffs are unfit to represent the interests of all class members.  This is particularly true where Plaintiffs have failed to demonstrate familiarity or understanding of the claims they now wish to pursue on behalf of a class.  Given Plaintiffs' lack of familiarity or understanding with their claims in this case, it is imperative that this Court deny certification under Rule 23 to ensure protection of class member rights.

## 2.    Plaintiffs cannot identify questions common across the entire class.

Plaintiffs' motion for class certification must also fail because Plaintiffs cannot show that the relevant questions in this case are common across the entire class.  "Claims must depend on a common contention," and "[t]hat common contention, moreover, must be of such a nature that it is capable of classwide resolution."[56]  This "means that determination of [the common contention's] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."[57]  Notably, "[w]hat matters to class certification… is not the raising of common 'questions'—even in droves—but rather the capacity of a classwide proceeding to

---

[54] *Berger*, 257 F.3d at 480.
[55] *Id*. at 484 (emphasis added).
[56] *Wal-Mart Stores, Inc.*, 564 U.S. at 350-51.
[57] *Id*.

12

generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers."[58]

Plaintiffs' reimbursement claim cannot support class certification because it is marked by significant factual differences that defeat commonality. During their depositions, the Named Plaintiffs described gasoline expenses incurred during inbound travel.[59] Yet the points of departure varied, undermining any claim of uniformity.[60] Thus, any out-of-pocket travel expenses—none of which have been substantiated to date—would necessarily vary across the proposed class. These individualized circumstances preclude a class-wide determination of entitlement to reimbursement.

Furthermore, both Named Plaintiffs confirmed that they worked solely for the Cora Association under their H-2A visas.[61] Nevertheless, the putative class appears to assert an employment relationship with Defendant, Cora Texas Manufacturing Company, LLC. This fundamental discrepancy regarding the identity of the employer is not a minor factual variation; it is a threshold issue that precludes the resolution of claims through common evidence.

Because these factual differences go to the heart of Plaintiffs' claims, they foreclose the possibility of generating common answers apt to drive the resolution of the litigation. Class certification is therefore inappropriate.

### 3. Plaintiffs' claims are not typical of the class they seek to represent.

Plaintiffs also fail to show that their claims are typical of the class they seek to represent. Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the

---

[58] *Id.*

[59] Exhibit 1, pp.43-44; exhibit 2, p. 45.

[60] *See* exhibit 1, p. 14; *see also*, exhibit 2 p. 11 (Plaintiffs reside in different parts of Mexico).

[61] Exhibit 1, p. 104; exhibit 2, pp. 16-17.

PD.49788968.1

claims or defenses of the class."[62]  The typicality inquiry "focuses on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent."[63]

It is necessary for the court to probe behind the pleadings to fully evaluate the typicality concern.[64]  Because both Named Plaintiffs confirmed that they worked solely for the Cora Association under their H-2A visas,[65] their claims are not typical to the putative class which purports to assert an employment relationship with Defendant, Cora Texas Manufacturing Company, LLC.  Beyond this distinction, when asked, Named Plaintiffs were unprepared to prove that there were common questions of fact regarding the alleged reimbursement claims.[66]  In a case like this where Named Plaintiffs expressly disclaim employment with Cora Texas Manufacturing Company, LLC, and have varying forms of alleged reimbursement expenses, typicality is lacking.

**4.  Plaintiffs cannot show that common claims predominate over individual claims.**

Given Plaintiffs' inability to meet Rule 23(a)'s less stringent requirements, it follows that Plaintiffs' claims also fail to hurdle the heightened requirements of the predominance and superiority inquiry set forth by Rule 23(b).  The predominance and superiority requirements are "far more demanding" than the Rule 23(a) commonality and typicality requirements.[67] Determining whether Plaintiffs can prove predominance under Rule 23(b)(3) requires district courts to consider "how a trial on the merits would be conducted if a class were certified."[68]  This, in turn, "entails identifying the substantive issues that will control the outcome, assessing which

[62] Fed. R. Civ. Proc. 23(a).
[63] *Plaza 22, LLC v. Waste Mgmt. of Louisiana, LLC*, No. CIV.A. 13-618-SDD, 2015 WL 1120320, at 4 (M.D. La. Mar. 12, 2015).
[64] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351-52 (2011).
[65] Exhibit 1, p. 104; exhibit 2, pp. 16-17.
[66] *See* exhibit 1, p. 77; *see also*, exhibit 2, pp. 31-32.
[67] *Plaza 22, LLC v. Waste Mgmt. of Louisiana, LLC*, No. CIV.A. 13-618-SDD, 2015 WL 1120320, at *4 (M.D. La. Mar. 12, 2015)
[68] *Hoffer v. Landmark Chevrolet Ltd.*, 245 F.R.D. 588, 601-02 (S.D. Tex. 2007).

PD.49788968.1

issues will predominate, and then determining whether the issues are common to the class."[69]  The

court must "give careful scrutiny to the relation between common and individual questions in a

case."[70]  "An individual question is one where members of a proposed class will need to present

evidence that varies from member to member."[71]  This must be contrasted with common questions,

which "is one where the same evidence will suffice for each member to make a prima facie

showing [or] the issue is susceptible to generalized, class-wide proof."[72]

This process ultimately "prevents the class from degenerating into a series of individual

trials."[73]   In analyzing Plaintiffs' burden of proving common questions of law predominate

individual considerations, this Court must consider the evidence relating to the claims, defenses,

and relevant facts."[74]  Ultimately, "[w]here the claims 'focus almost entirely on facts and issues

specific to individuals rather than the class as a whole, the potential that the class action may

denigrate in practice into multiple lawsuits separately tried renders class treatment

inappropriate.'"[75]

Plaintiffs cannot meet the more demanding burden of predominance and superiority

particularly where discovery conducted thus far demonstrates that much of the evidence to be

deduced in this case will vary from member to member.  For example, the Cora Association's

president Katie Nunez, testified that the H-2A workers were "reimbursed upon arrival for their

---

[69] *Id*.

[70] *Slade v. Progressive Sec. Ins. Co.*, No. 6:11-CV-2164, 2020 WL 6811902, at *6 (W.D. La. Oct. 20, 2020), report and recommendation adopted sub. nom. *Slade v. Progressive Sec. Ins. Co.*, No. 6:11-CV-02164, 2020 WL 6813880 (W.D. La. Nov. 19, 2020) (citing *Tyson Foods, Inc. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016)) (citations omitted).

[71] *Slade*, No. 6:11-CV-2164, 2020 WL 6811902 at *6.

[72] *Id*.

[73] *Hoffer*, 245 F.R.D. at 601-02; *Huber v. BioScrip Infusion Servs.*, No. CV 20-2197, 2021 WL 1313411 (E.D. La. Apr. 8, 2021) ("Such an inquiry is necessary to prevent the class from 'degenerating into a series of individual trials.'").

[74] *Madison*, 637 F.3d at 554-55.

[75] *Flores v. S. Response Servs. Inc.*, No. 2:21-CV-04021, 2022 WL 3718050 (W.D. La. Aug. 29, 2022) (quoting *Bell Atl. Corp.*, 339 F.3d at 307) (cleaned up)).

travel, and that includes their in-country travel from their home to the consulate, their travel from the consulate to the jobsite, the border crossing fee, facilitator fee, if one was paid, the lodging and travel fee, the lodging and travel and subsistence rate for the days traveled."[76]  Ms. Nunez testified as to her calculation methods, which involved "tak[ing] the hometown of each worker and looking up bus tickets,… from their hometown to the jobsite."[77]  Necessarily, these amounts will differ between potential plaintiffs and will require consideration of evidence varying between class members.  Nunez also "look[s] at hotels in the area that they could stay at, and generally, whatever the room rate is, if it's a double room that two workers would be staying in, I divide the nightly rate by two," and that she also looked up bus transportation costs from the respective consulates to the job site.[78]  These expenses may also differ depending on which consulate each employee visited, and whether they traveled alone.  Nunez further testified that the H-2A workers "were notified that these are estimates and if they have any issues with anything or any proof that they paid more than what was estimated, that they can come to me with their[sic] receipts, and they'll be reimbursed the difference."[79]

Plaintiffs further claim that reimbursements were owed for other expenses such as commercial driver's licenses and cell phone bills.  Although Defendant's dispute that such expenses are owed, whether they are owed involves additional individual assessments and evidence that will vary from member to member.  Because Plaintiffs' reimbursement claims will require consideration of evidence that varies from member to member, it is an individual question and not a common question, and therefore, Plaintiff cannot meet the requirements of Rule 23(b). As such, Plaintiffs' motion must be dismissed.

---

[76] Cora Association Deposition, p. 63 (hereinafter referenced as "Exhibit 3").
[77] Exhibit 3, p. 63
[78] Exhibit 3, pp. 65-66.
[79] Exhibit 3, p. 66.

16

**D. Plaintiffs' Proposed Class Definition is Overly Broad.**

Finally, even if this Court were to determine that class certification is appropriate, which

Defendants deny, the proposed class definition is overly broad and should therefore be limited.

Based on the evidence offered in favor of their Motion, Defendants respectfully submit that a more

accurate and efficient class includes:

> All individuals who applied at a U.S. Consulate for H-2A visas and were admitted
> to the United States to work as H-2A temporary foreign workers for the Cora Texas
> Growers and Harvesters Agricultural Association, Inc. during the 2022, 2023,
> and/or 2024 sugarcane seasons pursuant to job orders H-300-22202-368600, H-
> 300-23185-165619, H-300-24173-139042.

As worded, Plaintiffs' proposed class definition is confusing in that it relates to

employment by "defendants," when defendant, Cora Texas Manufacturing Company, LLC never

employed Plaintiffs and never petitioned for any Temporary Labor Certifications with the

Department of Labor.  Because the use of "defendants" may be unclear or confusing to potential

plaintiffs, the full name of the employer and the reference to the Plaintiffs application to that

employer (including the terms of the applicable Job Orders) should instead be used.

## III.    CONCLUSION.

For the reasons set forth above, Defendants pray that this Court deny Plaintiffs' request for

class treatment as to Plaintiffs' breach of contract and LWPA claims, or in the alternative, limit

the class, as set forth herein.


                                        Respectfully submitted,

                                        **PHELPS DUNBAR LLP**


                                        BY:    */s/ Brandon E. Davis*
                                        _____
                                               Brandon E. Davis (La. Bar # 29823)
                                               Molly C. McDiarmid (La. Bar # 36426)

PD.49788968.1

Jennifer Clewis Thomas (Admitted Pro
Hac Vice)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Facsimile: 504-568-9130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
jennifer.clewis@phelps.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June, 2025, I electronically filed the foregoing with

the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record/parties in this proceeding.

*/s/ Brandon E. Davis*

PD.49788968.1