IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ERNESTO JIMENEZ-GONZALEZ and JOSE ALBERTO TORRES-MARTINEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, :<br><br>Plaintiffs, :<br><br>v. :<br><br>CORA TEXAS GROWERS AND HARVESTERS AGRICULTURAL ASSOC., INC.; and CORA TEXAS MANUFACTURING CO., LLC, :<br><br>Defendants. : | CIV. ACT.: 3:24-cv-820-SDD-RLB<br><br>JUDGE SHELLY D. DICK<br><br>MAG. JUDGE RICHARD L. BOURGEOIS, JR.<br><br>CLASS ACTION |

**PLAINTIFFS REPLY IN SUPPORT OF MOTION FOR RULE 216(b) NOTICE**

Defendants admit that Plaintiffs and others similarly situated did not receive overtime pay and that "such question may be adjudicated on a class wide basis." ECF 35 at 6. Defendants' concession can conclude the Court's analysis of this motion and should result in authorizing FLSA notice and production of names and address information for that notice. Defendants contend that Plaintiffs must show that "reimbursements would be equal," ECF No. 35 at 8, for the FLSA minimum wage claim, but the FLSA does not require that each aspect of each allegation be identical for notice to issue. Nonetheless, Defendants' contentions regarding expenses are mistaken and common legal and factual issues can and will be addressed collectively as Defendants themselves have done when paying their truck drivers.

**I.    FLSA Certification Can be Ordered Based on the Admitted Overtime Claim.**

Courts authorize FLSA notice based on "whether merits questions can be answered collectively," but without deciding merits issues. *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 442 (5th Cir. 2021). "The court should certify if it finds 'a Tactual nexus' that binds the class members' claims together[.]" *Barker v. Itl Foods, LP*, No. H-22-342, 2023 U.S. Dist. LEXIS 155625, at *7 (S.D. Tex. July 24, 2023). Here, for the FLSA overtime violations "Defendants do not contest that such question [overtime pay] may be adjudicated on a class-wide basis." (ECF No. 35 at 6.) Where Plaintiffs have the same type of job and the alleged violations concern their similar job duties—here truck driving without overtime pay—the decision is straight forward. *Swales,* 985 F.3d at 441-42 (noting "notice might be justified" where "plaintiffs all have the same job description, and the allegations revolve around the same aspect of that job"); *Barker*, 2023 U.S. Dist. LEXIS 155625, at *12 (recommending the granting of collective action certification for group of pizza delivery drivers because the "collective covers a group of employees with the same job title and description . . . who are complaining about the same aspect of the job").  Accordingly, Plaintiffs' motion is due to be granted. *Bandy v. TRC Sols*., No. 1:22-cv-144, 2024 U.S. Dist. LEXIS 67093, at *15 (W.D. Tex. Apr. 11, 2024) ("the putative class members, if paid pursuant to the same pay policy and denied overtime, are similarly situated"); *Nerland v. Caribou Coffee Co.*, 564 F.Supp.2d 1010, 1020 (D. Minn. 2007) (holding that common policy of classifying employees as overtime exempt "supports a finding of sufficient commonality between and among the plaintiffs to support collective adjudication of their misclassification claims."). "Plaintiff[s] ha[ve] met the *Swales* standard of alleging a class claim for overtime wages." *Aboin v. Iz Cash Inc.*, No. 4:20-CV-03188, 2021 U.S. Dist. LEXIS 155983,

2

at *16 (S.D. Tex. June 29, 2021) (ordering notice to putative collective action members even where court found no FLSA minimum wage issue).

II. **Defendants Treated Expenses Collectively and Paid Expenses Uniformly but Now Contend that the Failure to Fully Compensate for Required Expenses Cannot Be Litigated Collectively.**

While the Court need not reach this issue given Plaintiffs and the proposed collective action members are admittedly similarly situated with respect to Plaintiffs' FLSA overtime allegations, they are also similarly situated with respect to FLSA minimum wage violation based on unreimbursed employment expenses.[1] Defendants claim concerning the unreimbursed expenses is that "these amounts differ," ECF No. 35 at 7, and will require "individual assessments" such as "whether all workers obtained cell phones," ECF No. 35 at 8. However, the legal issues regarding these expenses can be addressed collectively. "Plaintiffs d[o] not need to be subject to identical [] requirements to be similarly situated." *Loy v. Rehab Synergies, L.L.C.*, 71 F.4th 329, 338 (5th Cir. 2023).

Defendants claim that the "reimbursements cannot be adjudicated on a class-wide basis." ECF No. 35 at 7. But Defendants themselves estimated and paid expenses collectively, not individually, and did not make individualized expense determinations. As Defendant Cora Texas Agricultural Association's representative testified "the total transportation [reimbursement amount] that they were given is an estimate that we formulate before they arrive." (ECF No. 32-10 [Ex. 8] at 19) (30(b)(6) Dep. at 79:19-21). The corporate representative testified that the "entire [reimbursement amount] spreadsheet is an estimate of travel." (ECF No. 32- 10 [Ex. 8] at 22) (30(b)(6) Dep. at 85:24-25). And "[t]he method to determine the amount of reimbursement

---

[1] Defendants claim, without citation, that where there are two FLSA claims, "Plaintiffs have the burden of showing that each can be answered on a class-wide basis." ECF 35 at 6. Defendants are mistaken and case law is to the contrary. *Aboin*, 2021 U.S. Dist. LEXIS 155983, at *16.

3

for the truck drivers between 2021 and 2024 was the same[.]" (ECF No. 32-10 [Ex.8]) (30(b)(6) Dep. at 73:5-9). These expenses and the failure to reimburse can be addressed collectively. Plaintiffs' challenge a common policy, regarding common expenses, that went unreimbursed. (ECF No. 32-1 at 9.) Whether reimbursement was owed for each expense remains the same for all truck drivers—was the expense for the benefit of the employer and was the expense not reimbursed by Defendants. *Barker*, 2023 U.S. Dist. LEXIS 155625, at *16 (ordering notice where "the proposed collective had the same job duties and similar pay formulas for reimbursement of vehicle costs"); *Brixey v. McAdoo's Seafood Co., LLC*, No. SA-23-CV-00232-DAE, 2024 U.S. Dist. LEXIS 1467, at *20 (W.D. Tex. Jan. 2, 2024) ("[A]ny variation among collective members regarding the alleged improper deductions from Plaintiffs' paychecks is an issue that primarily affects damages and does not prevent collective treatment.").

  Defendants contend Plaintiffs must show "that reimbursements would be equal" for workers to be similarly situated. ECF No. 35 at 8. This too is mistaken. "*Swales* does not require that all drivers be identical." *Barker*, 2023 U.S. Dist. LEXIS 155625, at *12. Where Defendants' reimbursement payments were not reasonable because Defendants did not track actual expenses and approximated in ways that wholly failed to adequately compensate—the issue can be addressed on a class wide basis. *Barker*, 2023 U.S. Dist. LEXIS 155625, at *12 (finding "[t]hese questions can be answered on a class-wide basis without regard to any employee's actual expenses"). Defendants' argument effectively claims that if damages are not identical, individuals are not similarly situated—but that position has been extensively rejected. *See, e.g., Barker*, 2023 U.S. Dist. LEXIS 155625, at *12; *Bellaspica v. PJPA, LLC*, 3 F. Supp. 3d 257, 260 (E.D. Pa. 2014) ("Bellaspica and all the proposed opt-in plaintiffs were reimbursed at the same flat rate. The individual variations that Defendant points to do not impugn this common fact.");

*Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp. 3d 1012, 1021 (S.D. Iowa 2016). (ordering notice over unreimbursed expenses where "the same policy applies to all [] delivery drivers" and finding "the inherent variability of [][the] reimbursement formula [did not] defeat certification"); *Waters v. Pizza to You, LLC*, No. 3:19-cv-372, 2021 U.S. Dist. LEXIS 11743, at *19 (S.D. Ohio Jan. 22, 2021) (certifying collective action and ordering notice "[w]hile the extent of Defendants' under-reimbursement might be different from driver to driver or location to location the need for individualized inquiry and calculation of damages alone is not enough to defeat commonality."); *Beh v. Cmty. Care Companions Inc.*, No. 1:19-CV-01417-JLS(MJR), 2025 U.S. Dist. LEXIS 55525, at *72 (W.D.N.Y. Mar. 25, 2025) (rejecting motion to decertify FLSA claims concerning varying unreimbursed travel amounts).

Defendants contend that even though they treated expenses collectively, doing so now would be unmanageable. Courts that have addressed this argument found otherwise. *See, e.g.*, *Barker*, 2023 U.S. Dist. LEXIS 155625, at *16-17 (reimbursement analysis "will not result in an unmanageable trial of individual inquiries."). In general, courts find treating whether reimbursement was owed collectively as appropriate because "[t]his presents a similar issue of law as to whether defendants were obligated to reimburse[.]" *Beh*, 2025 U.S.Dist. LEXIS 55525, at *71-72.

Defendants also claim that Plaintiffs have not shown "any actual expense for which they were not reimbursed," ECF No. 35 at 12, but Defendant's corporate representative testified to a policy that left expenses unreimbursed for all drivers. (ECF No. 32-10 [Ex. 8] (30(b)(6) Dep. at 92:21-22) (telephone expenses not reimbursed); 93:4-10 (telephone monthly fees not reimbursed); 67:11-12 (expenses related to commercial driver's licenses not reimbursed).) Plaintiffs themselves also testified to numerous unreimbursed expenses, including cell phones

5

required for work,[2] recruitment fees, travel, and licensing fees for their commercial drivers' licenses—none of which were reimbursed. (ECF No. 32-1 at 4.) Put simply, the defense that reimbursement for unreimbursed expenses was not owed is a "defense [which] is not individual to each Plaintiff and can be adjudicated collectively[.]" *Brixey*, 2024 U.S. Dist. LEXIS 1467, at *10; *see also Adams v. Aztar Ind. Gaming Co.*, 587 F. Supp. 3d 753, 765 (S.D. Ind. 2022) (certifying collective action because "[w]hether the gaming licenses are ordinary costs one would incur in life outside the workplace is a common question[.]")[3]

### III.     Reimbursement Amounts Paid Were Identical or Nearly Identical in All Years.

Defendants claim their reimbursements payments were somehow individualized even though the corporate representative testified only estimates were used. *Compare* ECF No. 35 at 9 (claiming expenses "cannot be adduced by representative evidence") *with* ECF No. 32-10 [Ex. 8] at 19 (30(b)(6) Dep. at 79:19-21) (testifying "the total transportation [reimbursement amount] that they were given is an estimate that we formulate before they arrive"). However, both the testimony of the corporate representative and the records Defendants produced show that nearly all reimbursements were identical. The corporate representative testified that the "entire spreadsheet is an estimate of travel." (ECF No. 32- 10 [Ex.8] at 22) (30(b)(6) Dep. at 85:24-25).

---

[2] Defendants claim, without citation, that "cell phones … [are] not required by the Cora Association[.]" (ECF No. 35 at 8.) While this factual dispute is not for decision at this stage, Plaintiffs both testified to cell phone purchases and cell phone contracts that were required to receive employment directions. (ECF 32-15 [Ex. 13] at 6) (Dep. at 55:12-25); (ECF No. 32-14 [Ex. 12] at 4) (Dep. at 21:20-23). And Plaintiffs testified there were no radios for truck dispatch and that phone purchases were required. (ECF No. 32-15 [Ex. 13] at 8) (Dep. at 57:11-21).
[3] Defendants appear to argue that if a commercial driving license was used elsewhere, that will provide some defense to their obligation to reimburse expenses Defendants required Plaintiffs incur. However, other courts to address this have rejected such an argument, making Defendants claim of some individual inquiry subject to collective resolution. *Benton v. Deli Mgmt.*, 396 F. Supp. 3d 1261, 1273 (N.D. Ga. 2019) (rejecting defense that vehicle expenses were "normal everyday expenses" and finding they caused FLSA violations because they "are a 'tool of the trade' when they are used for Jason's Deli's business").

6

The records Defendants produced were redactions from a truck driver reimbursement spreadsheet. It shows that, for the named plaintiffs and the one opt-in for whom records were produced, only one payment in the last four years varied at all. (ECF No. 32-16 [Ex. 14] at 2) (showing only the amount of the 2023 "transportation from border" payment varied). It also shows that multiple costs went unreimbursed entirely, including license fees, inscription fees, some travel expenses, and telephone costs. *Id.* (showing reimbursement columns only for facilitator, bus ticket, jobsite travel, border crossing, lodging and meals). However even if reimbursements varied they do not "prevent collective consideration of whether they were under-reimbursed for [] expenses." *Barker*, 2023 U.S. Dist. LEXIS 155625, at *14. "[V]ariation among collective members regarding the [amount of] alleged improper deductions from Plaintiffs' paychecks is an issue that primarily affects damages and does not prevent collective treatment." *Brixey*, 2024 U.S. Dist. LEXIS 1467, at *20. "There are no disparate factual or employment settings that counsel against collective treatment of this case." *Thomas v. Quikrete Co., LLC*, No. SA-23-CV-00638-FB, 2024 U.S. Dist. LEXIS 241141, at *7 (W.D. Tex. Dec. 3, 2024).

**IV.    Because Workers Begin Work in the Fall There is No Limitations Issue.**

Plaintiffs seek to send notice to similarly situated truck drivers employed during the "2022, 2023, and/or 2024 sugarcane seasons." (ECF No. 32 at 1-2.) Defendants employ truck drivers beginning in late August or September of each year. (ECF No. 32-5 [Ex. 3] at 4) (showing 9/16/2022 start date); (ECF No. 32-6 [Ex. 4] at 3) (showing 9/1/2023 start date); (ECF No. 32-7 [Ex. 5] at 3) (showing 8/20/2024 start date); *see also* ECF No. 1 at ¶ 41. Defendants agree that a "two-year or three-year statute of limitations" applies. (ECF No. 35 at 14.) Plaintiffs have alleged the violations were willful. (ECF No. 1 at ¶ 83.) Nonetheless, Defendants complain that "Plaintiffs' definition, at the very least, must be narrowed . . . [to] those whose claims are

not time-barred under the FLSA[.]" (ECF No. 35 at 13-14.) Plaintiffs' definition includes no time-barred claims as September of 2022 is less than three years ago. "Plaintiff has sufficiently alleged willfulness to warrant notice covering the prior three years." *Garcia-Alvarez v. Fogo De Chao Churrascaria (Pittsburgh) Ltd. Liab. Co.*, No. 4:21-CV-00124, 2022 U.S. Dist. LEXIS 105113, at *47 (E.D. Tex. June 13, 2022). Defendants concerns can be overruled.

V.    **Fairness Supports Issuing Notice Here to Avoid Multiple Lawsuit and Efficiently Resolve Similarly Situated Claims.**

Defendants' brief addresses the "fairness" factor, but does so incorrectly. (ECF No. 35 at 12.) "Under this factor, the Court considers 'the primary objectives of the FLSA § 216(b) collective action: (1) to lower costs to the plaintiffs through the pooling of resources, and (2) to limit the controversy to one proceeding which efficiently resolves common issues of law and fact that arise from the same alleged activity.'" *Snively v. Peak Pressure Control, LLC*, 314 F. Supp. 3d 734, 743 (W.D. Tex. 2018) (citation omitted). The purpose of collective actions is "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 919 (5th Cir. 2008). "This factor requires consideration of the FLSA's objectives of lowering costs to the plaintiffs by pooling resources and efficiently resolving common issues[.]" *Brixey*, 2024 U.S. Dist. LEXIS 1467, at *23-24. Here, Defendants conceded that overtime issues can be decided collectively, and testified to a uniform expense reimbursement process that is challenged as unlawful.

Defendants' claim that fairness requires showing "others workers suffered any actual expense," ECF No. 35 at 12, is also untrue as Defendants admit they did not reimburse *any* truck drivers for several categories of expenses—so this showing, while unnecessary, is met. (ECF No. 32-1 at 4) (listing unreimbursed expenses). But it is not what the fairness factor requires.

8

"Concerns regarding fairness and efficiency support providing notice to any remaining class members who are not aware of the suit and would also like to have their claims considered by the Court." *Brixey*, 2024 U.S. Dist. LEXIS 1467, at *24. As in *Loy*, here "[a]llow[ing] the case to proceed as a collective action [will] not result in a lack of fairness or procedurally prevent [defendants] from defending the case[.]" *Loy*, 71 F.4th at 340. Here, there are common issues of law and fact about whether any exemption to the payment of overtime wages applies, whether reimbursement for unreimbursed expenses was legally required, and whether the FLSA was violated—those issues are capable of collective treatment for the proposed class of truck drivers. (ECF No. 32-1 at 9.)

### VI. Defendants' Notice Revisions Do Not Add Clarity, Seek to Decide Merits Issues, and Should be Rejected.

Defendants claim that "Cora Texas Manufacturing Company, LLC never employed Plaintiffs[,]" ECF No. 35 at 12-13, and so should be excluded from the notice and that the government tracking numbers for temporary labor certification applications made by Defendants should be inserted into the notice. (ECF No. 35 at 13.) Plaintiffs allege that Cora Texas Manufacturing employed the Plaintiffs and putative class members. (ECF 1 at ¶¶ 22-24.) Defendants ask here for the Court to address, at the notice stage, the merits of the action as to which defendants were employers,[4] without demonstrating how any individual inquiries will be necessary to adjudicate this issue on the merits as this case proceeds. The Supreme Court and the Fifth Circuit have directed that this not be done. "[D]istrict courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Swales*, 985 F.3d at 436

---

[4] Employer status and "whether a worker is an employee for FLSA purposes is a question of law." *Badon v. Berry's Reliable Res., L.L.C.*, No. 22-30547, 2024 U.S. App. LEXIS 26673, at *13 (5th Cir. Oct. 22, 2024).

9

(*quoting Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 174 (1989)). "[N]otice goes out to those who are 'similarly situated,' in a way that scrupulously avoids endorsing the merits of the case." *Swales*, 985 F.3d at 440. "[N]othing in *Swales* directs courts to adjudicate the merits of a claim or defense during the notice stage of an FLSA collective action. Rather, courts may consider the merits of a claim only insofar as the court is evaluating whether there are merits issues to be adjudicated collectively." *Brixey*, 2024 U.S. Dist. LEXIS 1467, at *19-20 (ordering notice to servers of two related restaurants collectively). This Court should decline Defendants invitation to decide the merits of employer status—and instead send Plaintiffs' notice as proposed.[5]

Defendants' edits to Plaintiffs' proposed notice to provide the government tracking numbers for their H-2A certification petitions should also be rejected. The addition of those numbers does not provide potential opt-in Plaintiffs any useful information and is likely to be confusing to workers who may not understand what those numbers mean or where they might be able to locate them on any documents Defendants may have provided them during the course of their employment.

## VII.   CONCLUSION

This Court should grant Plaintiffs' motion, order production of names and contact information, and approve the previously submitted notice, ECF No. 32-3.

Respectfully submitted,

/s/ **James M. Knoepp**
James M. Knoepp* (Lead Attorney)

---

[5] Defendants also object to a reminder notice, ECF No. 35 at 14, citing a series of older cases. Those cases have been distinguished because "[a] reminder notice provides a second chance to potential plaintiffs who . . . do not receive, open, or view the initial letter, email, or text message providing notice. A reminder notice also helps ensure that those potential plaintiffs, who read the original notice but forget about it in the hustle and bustle of daily life, are reminded at least once about their opportunity to join the lawsuit." *Dickensheets v. Arc Marine, LLC*, 440 F. Supp. 3d 670, 673 (S.D. Tex. 2020). This court should similarly order the requested reminder notice.

South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone:  (828) 379-3169
Email:  jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA  94710
Phone: (404) 590-1295
Email:  dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email:  dan@estesdavislaw.com