UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ERNESTO JIMENEZ-GONZALEZ and JOSE ALBERTO TORRES-MARTINEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>CORA TEXAS GROWERS AND HARVESTERS AGRICULTURAL ASSOCIATION, INC. and CORA TEXAS MANUFACTURING COMPANY, LLC,<br><br>Defendants. | Case No. 3:24-cv-00820-SDD-RLB<br><br>JUDGE SHELLY D. DICK<br><br>MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.<br><br>CLASS ACTION |

**REPLY BRIEF IN SUPPORT OF MOTION FOR RULE 23 CLASS CERTIFICATION**

Plaintiffs moved for certification that their breach of contract and Louisiana Wage Payment Act claims may be maintained as a Rule 23 class action. (ECF No. 33.) Defendants filed an untimely opposition, ECF No. 40, and oppose certification because they dispute the exercise of supplemental jurisdiction and argue that Plaintiffs' claims for overtime and reimbursement are inappropriate for class treatment and that Plaintiffs are inadequate representatives. Plaintiffs file this reply to show Defendants' opposition was untimely. Plaintiffs also reply to show that Defendants rely on distinguishable cases and to show how Defendants erroneously apply standards from securities litigation to this employment dispute.

    **I.    Defendants' Opposition Was Untimely and Should be Stricken.**

As an initial matter, Defendants' opposition to Plaintiffs' motion should be stricken since it was filed late in violation of the Local Rules. Plaintiffs filed their motion for class certification

1

on May 21, 2025. (ECF No. 33.) Defendants' opposition was therefore due on June 11. M.D. La. Local Rule 7(f) (setting 21-day deadline). Defendants filed their motion late, on June 13, without seeking leave or providing any explanation for the late filing. (ECF No. 40.) The Court, of course, has discretion to extend the time for Defendants to file an opposition "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Defendants made no attempt to seek relief for their failure to file a timely response and Plaintiffs' motion should be considered unopposed. *See Reed v. Gautreaux*, No. 19-130-SDD-RLB, 2019 U.S. Dist. LEXIS 202082, at *4-7 (M.D. La. Nov. 21, 2019) (discussing excusable neglect standard in the 5th Circuit and striking late-filed opposition where no leave was sought and "the Court has no reasons before it to evaluate the excusable neglect factors").

## II.    No Exceptional Circumstances Exist to Decline Supplemental Jurisdiction.

Defendants suggest that the Court should not exercise supplemental jurisdiction over claims arising from the same employment dispute as Plaintiffs' federal claims. (ECF No. 40 at 4.) Defendants claim this suit presents "exceptional circumstances" which justify declining supplemental jurisdiction. (ECF No. 40 at 4.) Defendants cite three district court decisions, one which involved no remaining federal claim, and two that hold related employment claims should not be heard in the same proceeding. (ECF No. 40 at 5.) These three decisions are distinguishable.[1] Plaintiffs here have a federal claim under the Fair Labor Standards Act ("FLSA"), ECF No. 32, and the older district court rulings on which Defendants rely to claim FLSA and Rule 23 claims are "incompatible" have been repeatedly rejected as erroneous. "The

---

[1] Defendants cite *Meroney v. Pharia, LLC* to support declining supplemental jurisdiction here. (ECF No. 40 at 4.) But *Meroney* involved a suit where the only federal claim was dismissed and the court had to "decide whether to retain supplemental jurisdiction over the state-law claims, even though no federal causes of action remain[ed.]" *Meroney v. Pharia, LLC*, 688 F. Supp. 2d 550, 554 (N.D. Tex. 2009). This discretion has no application here since a "district court has wide discretion to refuse to hear a pendent state law claim . . . after dismissing all remaining federal claims." *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998).

2

concept of inherent incompatibility has not fared well at the appellate level. Four courts of appeals have rejected its application to dual-filed FLSA and class actions." *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 258 (3d Cir. 2012). Despite Defendants' arguments to the contrary, the exercise of supplemental jurisdiction of related claims, where federal claims remain in the litigation, is the norm. *Awan v. Shawn Enter., LLC*, No. 21-1198, 2022 U.S. Dist. LEXIS 135453, at *6 (W.D. La. July 13, 2022) (exercising jurisdiction where "original jurisdiction over the overtime wage claim and the claim for regular wages is 'so related,' it is proper to exercise supplemental jurisdiction over plaintiff's state law claim for regular unpaid wages").

"[T]he 'conflict' between the opt-in procedure under the FLSA and the opt-out procedure under Rule 23 is not a proper reason to decline jurisdiction under section 1367(c)(4).'" *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 249 (2d Cir. 2011) (citation omitted). Indeed, all circuit courts to consider the issue have rejected the argument. *Calderone v. Scott*, 838 F.3d 1101, 1107 (11th Cir. 2016); *Busk v. Integrity Staffing Sols., Inc.*, 713 F.3d 525, 528-30 (9th Cir. 2013), *rev'd on other grounds*, 574 U.S. 27 (2014); *Knepper*, 675 F.3d at 258; *Ervin v. OS Rest. Servs.*, 632 F.3d 971, 978 (7th Cir. 2011); *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 424 (D.C. Cir. 2006).

Given this substantial weight of appellate decisions, other district courts have called the argument "hogwash." *See, e.g.*, *Esquivel v. Downhole Tech., LLC*, No. 4:21-cv-00181, 2022 U.S. Dist. LEXIS 115695, at *15 (S.D. Tex. June 30, 2022). "Although the Fifth Circuit has yet to weigh in, the clear trend at the circuit court level is to allow state-law wage-and-hour class actions to proceed at the same time as an FLSA collective action." *Id.* at *13.[2]

---

[2] An independent basis for jurisdiction for Plaintiffs' class claims exists based on the Class Action Fairness Act. The proposed class consists of more than 100 members, the parties are diverse given that all class members are foreign nationals from Mexico employed pursuant to the H-2A program, and class-wide damages exceed $5 million. *See* 28 U.S.C. § 1332(d).

### III. Plaintiffs' Claims Are Suitable for Certification and Plaintiffs Are Adequate Class Representatives.

    A. <u>Contractually promised wage, overtime, and reimbursements are enforceable and appropriate for class certification where they were promised in the same employment contract to all putative class members</u>.

Plaintiffs allege three class-wide contractual violations: (1) a failure to pay the legally required wage rate for truck driving; (2) a failure to pay contractually-promised overtime; and (3) a failure to pay contractually promised reimbursements. (ECF No. 33-1 at 4-5.) Defendants' opposition does not dispute the legally required wage rate claim and only addresses the other two. But Defendants now argue those contractual promises are unenforceable. (ECF No. 40 at 7.) Defendants argue that the contract claims are just FLSA claims in disguise. (*Id*.) Contractual promises to pay overtime wages or to reimburse in compliance with statutory mandates are enforceable.[3] *Avery v. City of Talladega*, 24 F.3d 1337, 1348 (11th Cir. 1994) (reversing summary judgment on contract claim where "[i]f a violation of the FLSA has occurred, then a violation of the contract, which incorporates the FLSA, will have occurred as well" but noting that "the breach of contract claim survives merely as an alternative legal theory to redress any wrong that may have been done them"); *see also Foster Wheeler Energy Corp. v. An Ning Jiang MV, Etc*., 383 F.3d 349, 358 (5th Cir. 2004) (applying statutory terms incorporated into contract and noting "an interpretation that gives a reasonable and effective meaning to all terms . . . is preferable"). Contractual promises made with references to industry standard terms or statutorily created terms are enforceable. *One Beacon Ins. Co. v. Crowley Marine Servs*., 648 F.3d 258, 267 (5th Cir. 2011).

---

[3] Plaintiffs contractual overtime claims would have a separate statute of limitations and would allow recovery for time periods outside of the FLSA claims, including the 2021 season for class members. Similarly, Plaintiffs' Louisiana Wage Payment Act claims are entirely separate and provide for distinct damages for separate violations (unpaid wages after discharge). (ECF No. 1 at 20.)

4

The wage promises contained in the contracts operate separately from the Fair Labor Standards Act as specifically noted in the federal regulations governing the terms of the employment. 20 C.F.R. § 655.122(h) ("[T]he FLSA applies independently of the H-2A requirements and imposes obligations on employers regarding payment of wages."). Defendants contractually promised "[o]vertime will be paid when required by law," and promised to "comply with applicable Federal, State and local laws and regulations." (ECF No. 33-1 at 4) (collecting citations). There was a separate legal requirement, incorporated into the employment contract, that overtime be contractually offered and its terms detailed. 20 C.F.R. § 655.122(l)(4) (providing "employer must state in the job order … the circumstances under which the wage rate(s) for overtime will be paid"). Defendants also promised to reimburse travel and work expenses and that no expenses would be charged to Plaintiffs. 20 C.F.R. § 655.122(f) (requiring that "[t]he employer must provide . . . without charge . . . all tools, supplies, and equipment required to perform the duties assigned"); 20 C.F.R. § 655.122(p) (protecting wages from "undisclosed or unauthorized deductions . . . [that] reduce the wage . . . or where the employee fails to receive such amounts free and clear because the employee kicks back directly or indirectly to the employer or to another person . . . part of the wage"). These promises were separate and in addition to Defendants' FLSA obligations. 20 C.F.R. § 655.122(h).

In foreign labor programs, contractual wage promises have been routinely found enforceable. *See, e.g., Cuellar-Aguilar v. Deggeller Attractions, Inc.*, 812 F.3d 614, 619 (8th Cir. 2015) (reversing district court because "H-2, H-2A, and H-2B workers can enforce [wages] . . . under state contract law"); *Rodriguez-Meza v. Venegas*, No. DR-17-CV-54-AM/CW, 2018 U.S. Dist. LEXIS 226744, at *32 (W.D. Tex. Sept. 27, 2018) (same); *Moodie v. Kiawah Island Inn Co.*, 124 F.Supp.3d 711, 726 (D.S.C. 2015) (same). Similarly, the promise to comply with a

wage rate or to pay in compliance with a statutory provision are enforceable. *Avery*, 24 F.3d at 1348 (ruling overtime contractually enforceable where "the Handbook expressly incorporates the FLSA rules on hours [] and determination of overtime"); *Zamalloa v. Thompson Landscape Servs.*, No. 4:17-cv-00519-ALM-KPJ, 2018 U.S. Dist. LEXIS 98384, at *14 (E.D. Tex. May 3, 2018) (finding wage terms enforceable and "agree[ing] that Plaintiffs are entitled to enforce their claims under state law"). Indeed, the Fifth Circuit has long held that the terms offered to foreign workers through the nonimmigrant visa programs "have the force of law, [and] these terms were part of [the workers'] employment agreement[.]" *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1341 (5th Cir. 1985).

Here, the job orders incorporated a general promise to pay wages in accordance with state and federal law, a promise to reimburse expenses incurred, and specific promises to pay overtime. These promises were made class-wide, are alleged to have been violated as to all class members, and are appropriate for class certification. *Molina-Aranda v. Ramirez*, No. MO:16-CV-00376-DC-RCG, 2022 U.S. Dist. LEXIS 127350, at *7-8 (W.D. Tex. Mar. 15, 2022) ("[T]he H-2 visa program essentially creates a contract, [and] plaintiffs are entitled to file breach of contract claims[.]"). Promises to pay overtime can be enforced by contract. *Awan v. Shawn Enter., LLC*, No. 21-1198, 2022 U.S. Dist. LEXIS 135453, at *5 (W.D. La. July 13, 2022) (noting "no Louisiana law provides recovery of overtime wages absent a contractual agreement"). Defendants claim to the contrary is premised on decisions where there was no separate contractual agreement promising overtime. Defendants' claim these counts are "duplicative reassertions," ECF No. 40 at 8, but where a contractual promise is made, and breached, recovery is appropriate and Defendants claim that a breach of contractual overtime and reimbursement

6

promises "inherently falls within the scope of Plaintiffs' FLSA claims," ECF No. 40 at 8, is simply mistaken.

                B.        <u>Plaintiffs' Claims Are Not Only Typical, But Identical to Those of the Class, and Even Defendants' Opposition Illustrates Common Legal Issues.</u>

Defendants try to generate individual issues claiming Plaintiffs' visas were for the Cora Association, not the mill, but of course Plaintiffs' allegations as to all class members is that Defendants treated all truck drivers the same. "[T]he critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001) (citation omitted). Here, Plaintiffs' claims are typical as they share a common legal and factual basis. Defendants drafted a single contract each year to employ truck drivers— in which they falsely claimed the work was "agricultural" and the employer was an "association" of farmers when the actual work was for the sugar mill. (ECF No. 1 ¶ 3). Defendants did this as to all Plaintiffs and putative class members to evade paying proper wage rates. (ECF No. 1 ¶ 44.) This is not an individual claim—it's a group claim, subject to common proof. Plaintiffs allege this applied to all "H-2A workers[.]" (ECF No. 1 ¶ 44.) Here, Defendants' "course of conduct is the same for every proposed class member." *M.A.P.S v. Garite*, 2025 U.S. Dist. LEXIS 98111, at *14 (W.D. Tex. May 22, 2025). Even Defendants' defense—that the contract specifies the employer—is common to the group. (ECF No. 40 at 13.) Even if Defendants had a defense unique to Plaintiffs, which they do not, it would not render Plaintiffs' claims atypical. *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 137 (5th Cir. 2005) ("reject[ing] [] claim that . . . an arguable unique defense necessarily destroys typicality.")

7

        C.        <u>One Contract, One Job Title, One Wage Rate, and One Payroll Office Underlie Plaintiffs' Claims and Show They are Subject to Common Proof.</u>

Defendants claim that proof in this suit must be individualized because the uniformly paid reimbursements—that Plaintiffs allege uniformly *under-reimbursed* them and other truck drivers—were somehow 'individualized' estimates of amounts due. (ECF No. 40 at 16.) Defendants also claim that because they dispute that reimbursement was owed for telephone expenses that this claim is somehow individualized. (ECF No. 40 at 16) (claiming it will "require consideration of evidence that varies from member to member"). But this again is mistaken as the class-wide issue is "did Defendants' require Plaintiffs to purchase telephones"—an issue readily available to class-wide resolution as is Defendants' defense—which is not individualized—but uniform: "[drivers] [a]re not required to purchase a telephone." (ECF No. 33-10 (Ex. 8) (Cora Texas 30(b)(6) Dep. at 92:21-22).[4]

Defendants do not mention a number of additional issues, tacitly conceding typicality and commonality. Defendants do not challenge that all class members did truck driving work. Nor do Defendants dispute their common legal issues, such as: (1) whether that work should have been paid at a higher wage rate for truck driving; (2) whether overtime was contractually promised and owed; and, finally, (3) whether the sugar mill operated by Defendant Cora Texas Manufacturing is a joint employer and liable for the contract and LWPA claims. These merits issues will be decided later and are susceptible to decision for all class members based on common facts and issues of law that apply in the same manner to all truck drivers in the proposed class.

---

[4] Class claims about drivers' license costs are also uniform—the issues are whether licenses were required for employment and, if so, whether Defendants were legally obligated to reimburse the expenses incurred. *See, e.g.*, *Montoya v. CRST Expedited, Inc.*, 311 F. Supp. 3d 411, 421 (D. Mass. 2018) ("find[ing] that . . . these legal issues [regarding truck driver pre-hire costs] are likely to be shared between Montoya and the proposed group[.]").

8

Case 3:24-cv-00820-SDD-RLB    Document 44-1    06/27/25    Page 9 of 11

D.  Named Plaintiffs Are Suitable Representatives and Have Adequately Represented the Class to Date.

Defendants challenge Plaintiffs' adequacy citing securities litigation under the Public Securities Litigation Reform Act, a statute with no application here. (ECF No. 40 at 10-12.) The PSLRA "raise[d] the adequacy threshold" for those actions. *Feder*, 429 F.3d at 130.

Here, Plaintiffs meet the adequacy threshold of Rule 23(a)(4). "The adequacy requirement mandates an inquiry . . . into the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees." *Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 294 (5th Cir. 2017). Plaintiffs have filed suit, answered discovery, appeared for depositions, testified concerning their claims, and testified to a willingness to represent the class. (ECF No. 33-14) (Ex. 12 – Jimenez-Gonzalez Dep. at 85:6-11; 87:1-15, 88:7-90:30, 99:1-10); (ECF No. 33-15) (Ex. 13 – Torres-Martinez Dep. at 8:8-9:20; 56:14-57:2). This shows Plaintiffs are adequate representatives. *Bryant v. Intercontinental Terminals Co. LLC*, 2023 U.S. Dist. LEXIS 106951, at *87 (S.D. Tex. June 21, 2023) (finding adequacy of non-native English speaker because deposition showed an "investment of time").

Defendants claim that Plaintiffs show a "lack of knowledge" because they had not read an English-language complaint or every employment contract. (ECF No. 40 at 11).[5] However, requirements that foreign language speakers read federal complaints is contrary to the Federal Rules. *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966) (reversing holding that limited English speaker's failure to read complaint made her inadequate because "Rule 23(b) . . . was written to further, not defeat the ends of justice"). And Plaintiffs' limited English, which

---

[5] Plaintiff Jimenez-Gonzalez read the 2020 employment contract. (Jimenez-Gonzalez Dep. at 55:11-56:19) (attached as Ex. 16.) Defendants claim Plaintiff Torres-Martinez did not know "whether he received reimbursement for travel," ECF No. 40 at 11, but this is untrue as he testified he was reimbursed a portion, but not all of his expenses, and that "the travel expenses when we would go to Monterrey, those were not reimbursed completely[.]" (ECF No. 33-15) (Ex. 13 - Torres-Martinez Dep. at 44:2-4, 13-16).

9

precludes reading legal documents, is "of no moment" for their adequacy. *Gutierrez v. LVNV Funding, LLC*, No. EP-08-CV-225-DB, 2009 U.S. Dist. LEXIS 54479, at *26 (W.D. Tex. Mar. 16, 2009) (rejecting adequacy challenge regarding "ability to converse in or read English").[6]

In standard class litigation, "[c]lass representatives are merely asked to have a general understanding of their position as plaintiffs . . . and the alleged wrongdoing perpetrated against them[.]" *Rubenstein v. Collins*, 162 F.R.D. 534, 538 (S.D. Tex. 1995). Class representatives need not know the relevance of each document, nor more than the facts of their claims. *McNamara v. Bre-X Minerals, Ltd.*, No. 5:97-CV-159, 2003 U.S. Dist. LEXIS 25641, at *39 (E.D. Tex. Mar. 31, 2003); *Cormier v. Scribe Media, LLC*, 2024 U.S. Dist. LEXIS 212803, at *11-12 (W.D. Tex. Nov. 22, 2024) (finding class representatives adequate where "Plaintiffs' interests in obtaining class wide resolution lines up with the putative class members"); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 372 (S.D.N.Y. 2007) (rejecting challenge to adequacy of foreign worker who could not articulate the claims because "Rule 23 requires that the named plaintiffs have adequate personal knowledge of the essential *facts*[.]") (emphasis in original). Here, Plaintiffs know they were underpaid, denied overtime, and inadequately reimbursed. (ECF No. 33-1 at 15) (collecting deposition citations). Plaintiffs are also willing to represent their colleagues. (ECF No. 33-14) (Ex. 12 – Jimenez-Gonzalez Dep. at 85:6-11); (ECF No. 33-15) (Ex. 13 – Torres-Martinez Dep. at 8:8-9:20). This meets the adequacy requirement.

## CONCLUSION

For the foregoing reasons, as well as those raised in Plaintiffs' memorandum in support of their motion, Plaintiffs' motion for Rule 23 class certification should be granted.

Respectfully submitted,

**/s/ James M. Knoepp**

---

[6] Plaintiffs communicate with their counsel in Spanish.

<div style="margin-left: 40%;">

James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone: (828) 379-3169
Email: jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA 94710
Phone: (404) 590-1295
Email: dawson@dawsonmorton.com


**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email: dan@estesdavislaw.com

</div>