UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERNESTO JIMENEZ-GONZALEZ,　　　　　　　　　CIVIL ACTION
ET AL.

VERSUS

CORA TEXAS GROWERS AND　　　　　　　　　　NO. 24-00820-BAJ-RLB
HARVESTERS AGRICULTURAL
ASSOCIATION, INC., ET AL.

## RULING AND ORDER

Before the Court is Defendants' **Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement (Doc. 20)** Plaintiffs oppose the Motion. (Doc. 26). Plaintiffs filed supplemental authority. (Doc. 27).

For the following reasons, Defendants' Motion (Doc. 20) is **DENIED**.

### I. BACKGROUND

This is a fair wage case. Plaintiffs Ernesto Jimenez-Gonzales and Jose Alberto Torres-Martinez filed suit on behalf of themselves and all others similarly situated against Defendants Cora Texas Growers and Harvesters Agricultural Association, Inc. and Cora Texas Manufacturing Company, LLC. (Doc. 1). Plaintiffs allege that they represent a class of more than 300 truck drivers who worked for Defendants in Louisiana between 2021 and present day. (*Id.* at ¶ 3).

Plaintiffs allege that they are foreign workers, and that Defendants brought them to Louisiana to drive heavy tractor-trailer trucks with H-2A temporary visas that Defendants obtained. (*Id.* at ¶ 1). Plaintiffs assert that Defendants made false representations to the United States Government that Plaintiffs would be employed

as agricultural workers. (*Id.* at ¶ 1–2). In reality, Plaintiffs allege that they were employed as non-agricultural workers driving heavy tractor-trailer trucks over public roads to the sugar mill operated by Cora Texas. (*Id.* at ¶ 2).

Defendants allegedly failed to pay Plaintiffs the federal minimum wage mandated by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. (*Id.* at ¶ 4). Plaintiffs allege that Defendants failed to reimburse costs Plaintiffs incurred for Defendants' benefit, including specialized drivers' licenses, medication examination fees, fees related to obtaining H-2A visas, hotel expenses, recruitment costs, transportation expenses from Mexico to the United States, and border crossing fees. (*Id.*). Defendants allegedly failed to pay Plaintiffs overtime wages despite the fact that Plaintiffs worked more than 40 hours each week. (*Id.* at ¶ 5).

Plaintiffs further assert that Defendants breached their employment contracts with Plaintiffs by failing to: (1) pay them the proper hourly wage rates for their work as heavy tractor-trailer truck drivers; and (2) comply with federal and state employment laws, including minimum and overtime wage laws. (*Id.* at ¶ 6).

Defendants ask the Court to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(7) for Plaintiffs' failure to join the Department of Labor ("DOL") as a necessary party. Defendants also ask the Court to dismiss Plaintiffs' claims under Rule 12(b)(6) for: (1) failure to allege sufficient facts to establish Defendants' willful violation of the FLSA; and (2) federal preemption of Plaintiffs' Louisiana Wage Payment Act ("LWPA") claims under Louisiana Revised Statutes § 23:631, *et seq.*

Alternatively, Defendants ask the Court to order Plaintiffs to provide a more definite statement under Rule 12(e) regarding Defendants' alleged willful violation of the FLSA.

## II. LEGAL STANDARD

### A. Federal Rules of Civil Procedure 12(b)(6) and 12(e)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable

3

to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

Rule 12(e) provides that a motion for more definite statement may be filed when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]" Fed. R. Civ. P. 12(e). The standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (internal citations and quotation marks omitted). Such motions are disfavored and granted sparingly. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Conceal City, LLC v. Looper Law Enforcement, LLC*, 917 F. Supp. 2d 611, 621 (N.D. Tex. 2013). However, in the words of the United States Supreme Court, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). A party may not use a Rule 12(e) motion as a substitute for discovery; however, "[i]f details are necessary in order to make a vague complaint intelligible, the fact that the details also are subject to the discovery process should not preclude their production under Rule 12(e)." *Id.*; *see also* 5C Wright & Miller, Fed. Prac. and Proc. Civ. § 1376 (3d ed.).

Courts have emphasized, "[t]he line between Rule 12(b)(6) and Rule 12(e)'s pleading standards is a blurry one." *Hoot Sys. LLC v. Comal Concrete Prod. Inc.*,

4

No. 2:19-CV-00957, 2020 WL 1939180, at *2 (W.D. La. Apr. 22, 2020); *see also* 5C Wright & Miller, Fed. Prac. and Proc. Civ. § 1376 (3d ed.) ("[T]he difference between a pleading that either fails to state a claim for relief or is so poorly drafted that it gives the appearance of not stating a claim for relief and a pleading that states a claim so vaguely or ambiguously that it cannot be answered often is difficult to perceive."). Regarding the relationship between the two, it has been observed that "an implausible claim may well be stated intelligibly enough to enable the framing of a response, and a plausible claim, which would survive a Rule 12(b)(6) motion, may be pleaded vaguely enough to make response impossible, which would make it vulnerable to a Rule 12(e) motion." 5C Wright & Miller, Fed. Prac. and Proc. Civ. § 1376 (3d ed.).

### B. Federal Rule of Civil Procedure 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) allows dismissal for "failure to join a party under Rule 19." The United States Court of Appeals for the Fifth Circuit has emphasized that "Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (citing Fed. R. Civ. P. 19). Further, Rule 19 "provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *HS Res., Inc.*, 327 F.3d at 438 (citing Fed. R. Civ. P. 19).

The Fifth Circuit applies a two-prong analysis to Rule 12(b)(7) inquiries pursuant to Rule 19. *HS Res., Inc.*, 327 F.3d at 439. First, the Court must "determine

under Rule 19(a) whether a person should be joined to the lawsuit." *Id.* "If joinder is warranted, then the person will be brought into the lawsuit." *Id.* Second, "if such joinder would destroy the [C]ourt's jurisdiction, then the [C]ourt must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." *HS Res., Inc.*, 327 F.3d at 439 (citing *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)).

> Rule 19(a)(1) provides, in relevant part:
>
> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

The party seeking dismissal "has the initial burden of demonstrating that a missing party is necessary." *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). "[A]fter 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id.* (citing *Pulitzer–Polster*, 784 F.2d at 1309).

6

Rule 19(b) then calls upon the court to consider the following factors in making such a determination:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>   (A) protective provisions in the judgment;
>
>   (B) shaping the relief; or
>
>   (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

## III. DISCUSSION

Defendants ask the Court to dismiss Plaintiffs' claims for the following reasons: (1) Plaintiffs failed to join DOL a necessary party; (2) Plaintiffs failed to allege sufficient facts to establish willful violations of the FLSA; and (3) Plaintiffs' LWPA claims are preempted by the FLSA. Alternatively, Defendants ask the Court to order a more definite statement under Rule 12(e). For the following reasons, Defendants' Motion is **DENIED**.

### A. DOL is Not a Necessary Party.

Defendants argue that the Court should dismiss Plaintiffs' claims for failure to join DOL as a necessary party. (Doc. 20-1 at 4). Defendants contend that DOL is a necessary party because it has regulatory authority germane to Plaintiffs' claims,

7

including exclusive revocation jurisdiction under 20 C.F.R. §655.181 concerning job clearance orders obtained by an employer by means of fraud or misrepresentation. (*Id.* at 5). Defendants argue that the Court should dismiss Plaintiffs' claims under Rule 12(b)(7) because Rule 17(a) requires real parties in interest to appear in their own right. *Id.* (citing *Lubbock Feed Lots, Inc. v. Iowa Beef Processors*, 630 F.2d 250, 256–57 (5th Cir. 1980); Fed. R. Civ. P. 17(a)(3)).

Plaintiffs respond that Defendants fail to meet their burden to show that DOL is a required party. (Doc. 26 at 3). Plaintiffs assert that DOL lacks a "protectable interest" in this case and argue that Defendants have not indicated that DOL would be subject to a second or duplicative lawsuit because it is not a party here. (*Id.* at 4 (citing *Union Pac. R.R. Co. v. City of Palestine*, 41 F.4th 696, 708 (5th Cir. 2022)). Plaintiffs argue that it is unclear why Defendants cite 20 C.F.R. §655.181(b) because Plaintiffs' Complaint contains no allegations seeking to apply "DOL procedures for revocation." (*Id.* at 6). Plaintiffs also contend that "[f]ederal courts routinely hear breach-of-contract claims from H-2A workers" in which the DOL is not a party. (*Id.* at 3–4 (citing *Calixtro-Calixtro v. Est. of Hodges*, No. 1:17-CV-394-LY, 2018 WL 5839690, at *3 (W.D. Tex. Nov. 7, 2018)).

Plaintiffs submitted a Notice of Supplemental Authority (Doc. 27), notifying the Court of the United States District Court for the Western District of Louisiana's recent decision in *Avila-Soto, et al. v. South Central Sugar Cane Growers Ass'n, et al.*, which addressed similar claims and issues. No. 6:24-CV-01392, 2025 WL 945573, at *1 (W.D. La. Feb. 10, 2025), *report and recommendation adopted sub nom.*

*De Jesus Avila-Soto v. S. Cent. Sugar Cane Growers Ass'n Inc.*, No. 6:24-CV-01392, 2025 WL 954589 (W.D. La. Mar. 28, 2025). There, plaintiffs filed a putative class action against Sugar Cane Growers' Association, which allegedly brought foreign plaintiffs to Louisiana as truck drivers on H-2A temporary visas. *Id.* at *1. The *Avila-Soto* plaintiffs alleged that defendants, in submitting plaintiffs H-2A visa applications, falsely represented that plaintiffs were agricultural works when, in fact, they were employed to drive heavy trucks, entitling them to greater benefits. *Id.* The *Avila-Soto* plaintiffs brought similar claims regarding defendants' alleged failure to pay minimum wage and overtime under the FLSA, breach of employment contracts, and violations of the LWPA. *Id.*

The *Avila-Soto* defendants moved to dismiss, arguing, in part, that DOL was an indispensable party. *Id.* at *1–2. The Western District disagreed, finding that because DOL would not be responsible for payment of wages, breach of contract damages, or penalties, DOL was not subject to joinder. *Id.* at *2. The Western District emphasized that the *Avila-Soto* plaintiffs did not challenge any DOL regulation, and thus, DOL's interest did not rise to the level of indispensability that Rule 19(a) contemplates. *Id.* The court specifically rejected the *Avila-Soto* defendants' contentions that DOL's revocation authority under 20 C.F.R. § 655.181 made it a necessary party. *Id.*

The court also emphasized that the *Avila-Soto* parties could "obtain pertinent documents and evidence from the DOL through ordinary procedures, such as through

public records requests, discovery, and/or subpoenas. *Id.* at *3. Thus, there was "no reason under Rule 19 that the DOL should be a party to [the] suit."

The Court finds the *Avila-Soto* court's reasoning persuasive. Here, as the party advocating joinder of DOL, Defendants have the initial burden of showing that DOL is a necessary party. *See id.* at *2. Despite this burden, Defendants have made no effort to respond to Plaintiffs' supplemental authority. Finding the facts, claims, and legal issues presented in *Avila-Soto* similar to the instant case, the Court adopts the Western District's reasoning and applies it here. Defendants fail to establish their initial burden under Rule 19(a) to show that DOL is a necessary party. Accordingly, Defendants' Motion to Dismiss under Rule 12(b)(7) is **DENIED**.

C. **Plaintiffs' Allegations Support Willful Violations of the FLSA.**

Defendants ask the Court to dismiss Plaintiffs' FLSA claim, arguing that Plaintiffs fail to state willful violations of the FLSA with particularity as Rule 9(b) requires. (Doc. 20-1 at 7). Defendants contend that Plaintiffs' allegations indicating that Defendants misled Government officials in their H-2A applications are "rooted in a theory of fraud." (*Id.*). Thus, Defendants argue that Plaintiffs' Complaint must satisfy Rule 9(b)'s particularity requirement. (*Id.*). Alternatively, Defendants ask the Court to order a more definite statement regarding Plaintiffs' willfulness claims under Rule 12(e). (*Id.* at 8).

Plaintiffs respond that allegations of willful violations of the FLSA are not governed by Rule 9(b)'s particularity standard. (Doc. 26 at 8). Plaintiffs emphasize that three United States Circuit Courts of Appeal have held that allegations

10

concerning willful violations of the FLSA are not subject to Rule 9(b)'s particularity pleading standard for fraud. *Id.* (citing *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 903 (9th Cir. 2013); *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1300 (10th Cir. 2018); *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 323 (2d Cir. 2021)).

The *Avila-Soto* court addressed this exact issue in a similar context and held that plaintiffs' complaint sufficiently stated a plausible claim for willful violations of the FLSA. *Avila-Soto*, 2025 WL 945573, at *3. The court denied virtually identical arguments to those that Defendants raise here, emphasizing that, "[a]lthough the United States Fifth Circuit has not addressed this issue, other circuits have rejected a particularity requirement and instead found that willfulness may be alleged generally, as a condition of a person's mind." *Id.* (citing *Rivera*, 735 F.3d at 903; *Fernandez*, 883 F.3d at 1300; *Whiteside*, 995 F.3d at 323).

The *Avita-Soto* court found the following allegation sufficient to state a plausible claim for willful violation of the FLSA: "[Defendants] sought certification of H-2A visas for Plaintiffs in order to avoid the annual cap on the number of H-2B visas and in order to pay Plaintiffs less wages, despite Defendants' alleged knowledge that Plaintiffs would be working in a non-agricultural capacity." *Id.* at *3.

Here, Plaintiffs allege the following:

> a. Defendants were familiar with both the H-2A and H-2B visa programs to obtain foreign workers. (Doc. 1 at ¶ 38).

b. Defendants sought certification of H-2A visas for Plaintiffs and other class members to avoid the annual cap on the number of H-2B visas each year and in an effort to pay lower H-2A applicable adverse effect wage rate ("AEWR") rather than the prevailing wage for heavy tractor-trailer drivers. (*Id.* at ¶ 39).

c. Defendants knew that the work to be performed was non-agricultural within the meaning of H-2A regulations but sought to hide that fact from the Government in the application process, incorrectly listing the job titles of Plaintiffs and other class members and Defendants' principal business code as "Other Crop Farming." (*Id.* at ¶¶ 40–42).

d. The applications included the terms and conditions of employment required by federal regulations and included Defendants' attestation that it would abide by applicable regulatory requirements pertaining to the H-2A program, as well as federal and state law. (*Id.* at ¶ 45).

e. All work was entirely non-exempt truck driving and was subject to overtime, but due to the Defendants' misrepresentations, Plaintiffs and other class members were paid the H-2A AWER rate rather than the higher wage rate. (*Id.* at ¶¶ 46–50).

f. Defendants violated the federally mandated minimum and overtime wage provisions of the FLSA, constituting a willful violation. (*Id.* at ¶ 83).

Like the *Avila-Soto* court, this Court finds that Defendants fail to provide sufficient authority warranting the Court to raise the pleading standard for willful violations of the FLSA to the fraud standard set forth in Rule 9(b). *Avila-Soto*, 2025 WL 945573, at *3; (Doc. 22 at 7; Doc. 20-1 at 7–8). The Court finds that Plaintiffs state plausible claims of willful violations of the FLSA. Accordingly, Defendants' Rule 12(b)(6) and Rule 12(e) Motion is **DENIED**.

### D.   Plaintiffs' LWPA Claims are Not Preempted by the FLSA.

Defendants devote one paragraph of their Motion to the argument that Plaintiffs' LWPA claims are preempted by Plaintiffs' FLSA claims. (Doc. 20-1 at 9). Defendants merely state: "Numerous courts have held that when a plaintiff presents claims for overtime under both statutes, the FLSA claim preempts state law for employees engaged in interstate commerce." *Id.* (citing *Hampton v. McDermott Int'l, Inc.*, 2019 WL 5617025 (W.D. La. Oct. 30, 2019); *Aldridge v. Miss. Dept. of Corr.*, 990 F.3d 868 (5th Cir. 2021); *Bennett v. McDermott Int'l, Inc.*, 855 F. App'x 932 (5th Cir. 2022)).

Plaintiffs argue that Defendants fail to accurately describe their LWPA claims, which are for breach of contract for Defendants' failure to pay amounts due under Louisiana Revised Statutes § 23:631(A)(1)(b). (Doc 26 at 9–10 (citing Doc. 1 at ¶ 94)). Plaintiffs contend that their LWPA claim is not a claim for overtime preempted by the FLSA, as Defendants seem to assume. (Doc. 26 at 10).

This Court has also previously held that where an employee is "seeking unpaid wages at his hourly rate under his terms of employment (*i.e.*, an amount guaranteed

13

by the LWPA, not the FLSA), federal law does not preempt the state law claim." *Cavin v. Westport Linen Servs.*, 2018 WL 11319130, at *6 (M.D. La. Feb. 20, 2018) (emphasis added). The *Avila-Soto* court also held that "[t]he FLSA does not preempt [p]laintiffs' particular LWPA claim for violation of an employment contract[.]" *AvilaSoto v. S. Cent. Sugar Cane Growers Ass'n Inc.*, No. 6:24-CV-01392, 2025 WL 945573, at *4 (W.D. La. Feb. 10, 2025), *report and recommendation adopted sub nom. De Jesus Avila-Soto v. S. Cent. Sugar Cane Growers Ass'n Inc.*, No. 6:24-CV-01392, 2025 WL 954589 (W.D. La. Mar. 28, 2025) (The "FLSA preempts LWPA claims for overtime pay by employees engaged in interstate commerce.").

Accordingly, Plaintiffs' breach of contract claims under the LWPA are not preempted by the FLSA. Defendants' Motion to Dismiss Plaintiffs' LWPA claim is **DENIED**.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED THAT** Defendants' **Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement (Doc. 20)** is **DENIED**.

Baton Rouge, Louisiana, this 29th day of September, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

14