UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

_____

ERNESTO JIMENEZ-GONZALEZ and )
JOSE ALBERTO TORRES-MARTINEZ, )
ON BEHALF OF THEMSELVES AND )
ALL OTHERS SIMILARLY SITUATED, )    Case No. 3:24-cv-00820-SDD-RLB
)
  Plaintiffs, )    JUDGE BRIAN A. JACKSON
)
v. )    MAGISTRATE JUDGE RICHARD L.
)    BOURGEOIS, JR.
)
CORA TEXAS GROWERS AND )    CLASS ACTION
HARVESTERS AGRICULTURAL )
ASSOCIATION, INC. and CORA TEXAS )
MANUFACTURING COMPANY, LLC, )
)
  Defendants. )
_____)

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO TOLL STATUTE OF LIMITATIONS
FOR POTENTIAL FAIR LABOR STANDARDS ACT OPT-IN PLAINTIFFS**

  Plaintiffs request that the statute of limitations applicable to the FLSA claims of potential opt-in class Plaintiffs be equitably tolled retroactive to June 26, 2025, the date when Plaintiffs motion to send notice to potential opt-in Plaintiffs was fully briefed. The statute of limitations for FLSA claims is two years, which is extended to three years for willful violations. 29 U.S.C. § 255(a). Importantly, the statute of limitations applicable to opt-in Plaintiffs joining a FLSA collective action generally continues to run until they file opt-in forms with the Court. 29 U.S.C. § 256; *Breaux v. Alliance Lifeboats, LLC,* No. 24-1000, 2026 U.S. Dist. LEXIS 34151, at *4 (E.D. La. Feb. 19, 2026). Of course, the potential opt-in Plaintiffs in this case lack notice of their right to participate during the pendency of Plaintiffs' motion and run the risk of expiration of their statute of limitations while the motion is pending. *See Swales v. KLLM Transp. Servs., LLC*,

985 F.3d 430, SSS (5th Cir. 2021) ("An employee cannot benefit from a collective action without 'accurate and timely notice . . . '") (quoting *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). The Plaintiffs and potential opt-in Plaintiffs worked as truck drivers hauling sugarcane for the Defendants on a seasonal basis pursuant to H-2A visas. The hauling occurred during the sugarcane season, which typically runs from late September to early January each year. As such, claims that potential opt-in Plaintiffs may have had for work performed during the 2022 sugarcane season will have expired absent equitable tolling, despite Plaintiffs' motion having been filed and fully briefed well in advance of the September start of the sugarcane season.

"Principles of equitable tolling apply to cases brought under the FLSA because the Supreme Court has stated that 'the doctrine . . . is read into every federal statute of limitations.'" *Breaux*, 2026 U.S. Dist. LEXIS 34151, at *5 (citations omitted). To justify equitable tolling, a litigant must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. V. United States*, 577 U.S. 250, 255 (2016) (citation omitted). Based on these principles, courts often equitably toll potential FLSA opt-in Plaintiffs' statute of limitations during the pendency of a motion seeking authorization to send notice. *See, e.g.*, *Breaux*, 2026 U.S. Dist. LEXIS 34151, at *10-16; *Stransky v. HealthOne of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181-1182 (D. Colo. 2012) (citing cases). That is particularly true where the motion has been pending for some time, such as in this case where the matter was reassigned following the recusal of Judge Dick. *See, e.g.*, *Breaux*, 2026 U.S. Dist. LEXIS 34151, at *16 (granting equitable tolling involving  eight month delay and finding "it would be inequitable to penalize potential opt-in plaintiffs by denying equitable tolling for this lengthy period"); *Koch v. Jerry W.*

*Bailey Trucking, Inc.*, 482 F. Supp. 3d 784, 799 (N.D. Ind. 2020) ("The Court agrees with Plaintiffs that it ultimately bears responsibility for more than a year delay, and that the delay should not be visited upon Plaintiffs."); *Davis v. Flare Ignitors & Rentals, Inc.*, No. SA-11-CA-00450-OLG, 2012 U.S. Dist. LEXIS 191308, at *6-7 (W.D. Tex. Mar. 19, 2012) (granting equitable tolling when motion was pending for eight months); *Hernandez v. Caviness Packing Co.*, No. 2:07-CV-142-J, 2008 U.S. Dist. LEXIS 121617, at *5-6 (N.D. Tex. June 2, 2008) (equitable tolling granted for nine-month delay and noting that "Courts have equitably tolled the statute of limitations when there were lengthy delays in ruling on certification motions").

In this case, the Plaintiffs were diligent in pursuing their request to send notice to potential opt-in Plaintiffs. The Court's scheduling order set a Phase I discovery period focused on issues related to whether potential opt-in Plaintiffs are similarly situated and set a deadline of May 21, 2025, for Plaintiffs to file their motion for FLSA notice. (ECF No. 25.) Plaintiffs filed their motion on May 19, 2025 (ECF No. 32), and briefing was completed on June 26, 2025. (ECF No. 43.) The motion was pending before Judge Dick, who was previously assigned to this case but recused herself on August 21, 2025. (ECF No. 47.). The Court recently had a hearing on the motion and set a deadline of April 17, 2026, for post-hearing briefing. (ECF No. 52.) Plaintiffs have been diligent in seeking to send notice to potential opt-in Plaintiffs but extraordinary circumstances, including the reassignment of this case, has led to unexpected delays that, if unremedied, will result in some FLSA opt-in Plaintiffs' claims being time barred through no fault of their own. This is precisely the type of situation the doctrine of equitable tolling is meant to address. *See Klick v. Cenikor Found.*, 509 F. Supp. 3d 951, 957-58 (S.D. Tex. 2020) (granting tolling due to delay caused, in part, by reassignment of case and stating "the Court is guided by the fundamental principle that potential plaintiffs 'whose putative class

representatives are diligently and timely pursuing the claims should . . . not be penalized due to the courts' heavy dockets and understandable delays in rulings'") (quoting *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012)).

Finally, it should come as no surprise to Defendants that tolling would apply here. The Court itself raised the issue in the Scheduling Order, noting that the time limits in that order would not be modified without leave of Court "and an **exceptional showing of good cause**, given the nature of this litigation." (ECF No. 25 at 2) (emphasis in original). The Court also cited to *Stransky*, 868 F. Supp. 2d at 1180-82 and noted that the court in that case tolled the statute of limitations "for potential opt-in plaintiffs who had not yet received notice of the action." (ECF No. 25 at 3).

Given the length of time between the motion being fully briefed and a potential ruling by the Court, Plaintiffs' respectfully request that the statute of limitations be equitably tolled for potential opt-in Plaintiffs' FLSA claims so their claims are not extinguished simply because they did not get timely notice of the opportunity to join this action.

Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone:  (828) 379-3169
Email:  jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA  94710
Phone: (404) 590-1295

Email:  dawson@dawsonmorton.com


**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email:  dan@estesdavislaw.com