**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ERNESTO JIMENEZ-GONZALEZ and JOSE ALBERTO TORRES-MARTINEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,** | **CIVIL ACTION NO. 3:24-CV-00820** |
| | **JUDGE BRIAN A. JACKSON** |
| **VERSUS** | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |
| **CORA TEXAS GROWERS AND HARVESTERS AGRICULTURAL ASSOCIATION, INC. and CORA TEXAS MANUFACTURING COMPANY, LLC** | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO TOLL STATUTE OF LIMITATIONS FOR POTENTIAL FAIR LABOR STANDARDS ACT OPT-IN PLAINTIFFS**

NOW INTO COURT, through undersigned counsel, come defendants, Cora Texas Growers and Harvesters Agricultural Association, Inc. and Cora Texas Manufacturing Company, LLC (collectively, "Defendants" or "Cora"), who respectfully submit this Memorandum in Opposition to the Motion to Toll Statute of Limitations for Potential Fair Labor Standards Act Opt-In Plaintiffs (the "Motion")[1] filed by Plaintiffs Ernesto Jimenez-Gonzalez and Jose Alberto Torres-Martinez, on behalf of themselves and all others similarly situated ("Plaintiffs"). For the reasons set forth below, Plaintiffs' Motion must be denied.

## I.    BACKGROUND

Plaintiffs originally filed this suit on October 2, 2024, alleging violations of the Fair Labor Standards Act ("FLSA"), arguing that they were misclassified as exempt agricultural workers and instead were owed overtime wages for hours worked in excess of forty in a workweek, and that

---

[1] R. Doc. 56.

PD.61173153.1

they were not properly reimbursed for pre-employment expenses, resulting in H-2A workers earning less than minimum wage during their first workweek.[2] Following responsive briefing, the Court issued a Scheduling Order explicitly bifurcating discovery into a pre-notice discovery period through April 30, 2025, with a Motion to Proceed as Collective Action, asking the Court to issue a proposed Notice, to be filed by May 21, 2025.[3]

On May 16, 2025, Plaintiffs filed their Motion for Notice to Similarly Situated Workers ("Motion for Notice").[4] On June 6, 2025, Defendants filed their Opposition to the Motion for Notice, addressing that the proposed representative Plaintiffs are not "similarly situated" to other workers within the proposed collective and expressly noting that Plaintiffs' proposed class definition inappropriately spans a three-year period without accounting for the statute of limitations applicable to collective actions under the Fair Labor Standards Act ("FLSA").[5] In that Opposition, Defendants noted that "Congress did not provide for tolling while the court considers whether to certify a case as a collective action under the FLSA," and that position stands here.[6] Following a request for leave, Plaintiffs filed their Reply in Support of the Motion for Notice on June 26, 2025.[7] On August 21, 2025, Judge Dick, the previous judge assigned to the case, recused herself and the matter was reassigned to Judge Jackson; Magistrate Judge Bourgeois remained assigned to the case at all times.[8] A hearing on Plaintiffs' Motion for Notice was held on March 4, 2026 and the motion is currently under advisement before the Court.[9]

---

[2] R. Doc. 1.
[3] R. Doc. 23.
[4] R. Doc. 32.
[5] R. Doc. 35.
[6] R. Doc. 35 at 13.
[7] R. Doc. 43.
[8] R. Doc. 47.
[9] *See* R. Doc. 52.

Plaintiff now seeks a blanket grant of equitable tolling of the FLSA's statute of limitations, arguing without a basis supported by caselaw that tolling should commence beginning June 26, 2025, the date the Motion for Notice was fully briefed.[10] The only explanation Plaintiffs offer as to why this tolling is necessary is that they believe the Court has somehow improperly delayed the proceeding of this case by transferring it from one judge to another, despite the fact that a hearing was held on the Motion for Notice (alongside Plaintiffs' Motion for Class Certification[11]) and the issue is being actively decided by the Court. There has been no showing that extreme or unusual circumstances exist here that would justify good cause for modifying the mandatory limitations period. Plaintiffs' Motion must be denied, as a grant of equitable tolling as to all plaintiffs, including all *potential* opt-in plaintiffs over whom this Court presently lacks jurisdiction, is premature, would be inconsistent with established precedent, and would impermissibly transform equitable tolling from a narrowly applied exception into a broad remedy available for any routine litigation delay.

For these reasons, and those set forth more fully below, Plaintiff's Motion must be denied in its entirety.

## II.    <u>LAW AND ARGUMENT</u>

A cause of action under the FLSA "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."[12]   Though generally, "an action is commenced for the purposes of calculating the statute of limitations when the complaint

---

[10] R. Doc. 56 at 1.
[11] R. Doc. 33
[12] 29 U.S.C. § 255(a).

3

is filed,"[13] this only holds true in a collective action as to the "named plaintiffs who also file their written consent when the complaint is filed."[14]   In contrast, for opt-in plaintiffs, the action is considered commenced "on the subsequent date on which such written consent is filed in the court in which the action was commenced."[15]   Consequently, an opt-in plaintiff's statute of limitations for FLSA claims is individualized, continuing to accrue separately for each potential opt-in plaintiff, until the specific FLSA claimant either opts in to the collective action or alternatively, files a separate suit regarding such claims.

The doctrine of equitable tolling is not referenced by the FLSA.[16]   Accordingly, "[t]he Fifth Circuit has adopted a strict view of the FLSA's limitation period," noting that the court "cannot alter the express terms of the statute." [17]   Still, equitable tolling principles may "apply to cases brought under the FLSA because the doctrine… is read into every federal statute of limitations."[18] The doctrine "is based on the principle that no one 'may take advantage of his own wrong.'"[19] While equitable tolling has the effect of preserving a plaintiff's claim "when strict application of the statute of limitations would be inequitable,"[20] it is considered "a narrow exception . . . that should be applied sparingly."[21]   Consequently, courts only apply equitable tolling in "***rare and exceptional circumstances***."[22]   Courts most frequently grant requests for equitable tolling "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some

---

[13] *White v. Integrated Elec. Techs., Inc.*, No. 11-2186, 2015 WL 4254123, at *2 (E.D. La. July 13, 2015); *see* 29 U.S.C. § 256.

[14] *Id.*

[15] *Id.*

[16] *Kwoka v. Enter. Rent-A-Car Co. of Bos., LLC*, 141 F.4th 10, 20 (1st Cir. 2025).

[17] *White*, 2015 WL 4254123, at *2 (citing *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983)).

[18] *White*, 2015 WL 4254123, at *2 (internal citations omitted).

[19] *Williams v. D'Argent Franchising, L.L.C.*, No. 1:20-CV-01501, 2023 WL 3059192, at *20 (W.D. La. Apr. 24, 2023) (citing *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 596 (5th Cir. 1981) (quoting *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 232 (1959)); *see also Escobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638, 653 (W.D. Tex. 2010).

[20] *White*, 2015 WL 4254123, at *2.

[21] *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017).

[22] *White*, 2015 WL 4254123, at *2 (emphasis added).

4

extraordinary way from asserting his rights."[23] While the trial court has discretion to permit equitable tolling, the burden of justifying its need is on the party invoking it.[24]

### A. Categorical Tolling as to All Plaintiffs is Premature at the Notice Stage.

Plaintiffs' request for a grant of equitable tolling as to *all* plaintiffs, including potential opt-in plaintiffs, is premature at the notice stage. Because the FLSA does not reference equitable tolling,[25] "the FLSA merely allows for tolling in accord with 'background' equitable tolling principles."[26]  Such background principles, as set forth by the Supreme Court, "suggest that tolling may be obtained only for a claimant who, ***individually,*** demonstrates an 'extraordinary circumstance' and his own reasonable diligence."[27]  Indeed, equitable tolling requires "fact-specific determinations which cannot be made until a putative plaintiff actually opts-in."[28]  Given the fact-specific nature of the equitable tolling inquiry, courts generally "do not yet possess knowledge sufficient to establish the diligence of all opt-in plaintiffs" at the notice stage.[29]  Thus, courts have deemed a grant of "blanket" equitable tolling at the notice stage premature.[30]

---

[23] *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (internal quotation marks and citations omitted).

[24] *White,* 2015 WL 4254123, at *2.

[25] *Kwoka*, 141 F.4th at 20; *see Young*, 535 U.S. at 49-50 (citing *Irwin*, 498 U.S. at 95).

[26] *Id.*

[27] *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016) (emphasis added).

[28] *Sandoz v. Cingular Wireless, LLC*, No. 6:07CV1308, 2014 WL 3045532, at *4 (W.D. La. July 3, 2014).

[29] *Herrera Maldonado v. Infinity Brokerage Co.*, No. EP-15-CV-259-KC, 2016 WL 11581486, at *8 (W.D. Tex. Apr. 20, 2016) (quoting *In re Amazon.com, Inc., Fulfillment Ctr. FLSA & Wage & Hour Litig.*, No. 14-MD-02504, 2014 WL 3695750, at *3 (W.D. Ky. July 24, 2014)).

[30] *See Herrera*, 2016 WL 11581486, at *8 (W.D. Tex. Apr. 20, 2016); *see also*, *Fenley v. Wood Grp. Mustang, Inc.*, No. 2:15-CV-326, 2018 WL 5043737 (S.D. Ohio Oct. 7, 2018); *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *9-10 (S.D. Ohio Feb. 26, 2015) (finding that at the notice stage, "[p]laintiffs' motion, seeking to equitably toll the FLSA claims of the potential opt-in plaintiffs, is premature" because "the doctrine of equitable tolling is an individualized inquiry, inappropriate for group consideration in the context of an FLSA collective action"); *Lemmon v. Harry & David Operations, Inc.*, No. 2:15-CV-779, 2016 WL 234854, at *8 (S.D. Ohio Jan. 20, 2016) (holding that equitable tolling is inappropriate for group consideration in the context of an FLSA collective action); *In re Amazon.com*, 2014 WL 3695750, at *3 ("It appears premature to grant blanket equitable tolling for plaintiffs who are currently hypothetical and have not yet come before this court."); *Ojeda-Sanchez v. Bland*, No. 608CV096, 2009 WL 3851623, at *4 (S.D. Ga. Nov. 17, 2009) (finding that plaintiffs' argument for equitable tolling was premature at the notice stage); *Sandoz*, 2014 WL 3045532, at *4 (explaining that equitable tolling required "fact-specific determinations which cannot not be made until a putative plaintiff actually opts in"); *Kwoka*, 141 F.4th at 20 (noting that by contending that they were entitled to a "categorical" or "across-

For example, in *Herrera Maldonado v. Infinity Brokerage Co.*, the U.S. District Court for the Western District of Texas noted that the court needed "more facts to be able to determine if any named Plaintiffs or potential opt-in Plaintiffs diligently pursued their rights, yet were 'unable to discover essential information bearing on the existence' of their claim."[31] The court ultimately found "the question of equitable tolling to be premature at the notice stage," refusing "to equitably toll the statute of limitations for any potential opt-in plaintiffs."[32] In so finding, the court explained that equitable tolling required "fact-specific determinations which cannot not be made until a putative plaintiff *actually opts in*."[33]

This is precisely the kind of "blanket" tolling Plaintiffs seek here. But at this juncture, the Court lacks the necessary factual record to assess the diligence or circumstances of any hypothetical opt-in plaintiff, as these individuals have yet to come forward. Granting a categorical application of equitable tolling to all putative class members would be inconsistent with the fact-specific equitable tolling inquiry, particularly because this Court does not yet have the relevant information specific to each potential opt-in plaintiff necessary to conduct such an inquiry. Accordingly, Plaintiffs' Motion is premature and should be denied in its entirety.

**B. Plaintiffs Fail to Meet Their Burden of Justifying the Need for Equitable Tolling.**

Even if a blanket grant of equitable tolling was appropriate here, which is denied, Plaintiffs fail to carry their burden of justifying the need for equitable tolling. "The party who invokes equitable tolling bears the burden of proof."[34] A plaintiff must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

---

the-board" tolling, the appellants were "necessarily challenging the District Court's refusal to craft an unconventional tolling rule").

[31] *Herrera*, 2016 WL 11581486, at *8.

[32] *Id*.

[33] *Id*. (citing *Sandoz*, 2014 WL 3045532, at *4) (emphasis added).

[34] *Teemac*, 298 F.3d at 457.

PD.61173153.1

filing."[35]  An extraordinary circumstance is something that derives from some "external obstacle to timely filing . . . beyond [the plaintiff's] control."[36]  Accordingly, equitable tolling is generally granted only in three limited circumstances: (1) "where the plaintiff is actively misled by the defendant about the cause of action,"[37] (2) "is prevented in some extraordinary way from asserting his rights,"[38] or (3) when "despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim."[39]  None of these three circumstances are present here.

> 1. *Plaintiffs fail to show that potential opt-in plaintiffs have diligently pursued their rights.*

Equitable tolling of the FLSA's statute of limitations is inappropriate where there is "a lack of diligence."[40]  Yet, Plaintiffs do not identify any diligence taken by any of the unnamed, potential opt-in plaintiffs in this matter.  Rather, Plaintiffs point *only* to diligence exercised by already named Plaintiffs' who timely filed their Motion for Notice. The standard for diligence looks to whether the *potential opt-in plaintiffs* have exercised diligence in the absence of notice of an FLSA violation, not whether the named plaintiff himself had exercised diligence.[41] The central inquiry is whether potential opt-in plaintiffs diligently pursued their FLSA claims generally, not whether they could join this specific collective action.[42]  Under the FLSA's opt-in framework, each potential opt-in plaintiff retains the ability to file a separate action to preserve their rights, regardless of their knowledge of or participation in the instant suit.  As the Fifth Circuit notes,

---

[35] *White,* 2015 WL 4254123, at *2.
[36] *Id.*
[37] *White*, 2015 WL 4254123, at *2 (emphasis added).
[38] *Id.*
[39] *Id.*
[40] *Kennedy v. Pioneer Nat. Res. Co.*, No. MO:20-CV-86-DC-RCG, 2021 WL 8442021, *3-4 (W.D. Tex. Nov. 5, 2021).
[41] *Sandoz*, 2014 WL 3045532, at *4.
[42] *Sandoz*, 700 F. App'x at 321.

7

equitable tolling focuses on whether an obstacle prevented timely filing, not whether an external obstacle prevented timely opting into a *specific suit*.[43]  Equitable tolling is not warranted merely because a potential opt-in plaintiff is unaware of this lawsuit.[44]

In support of their position, Plaintiffs point to the various actions in the case that have already taken place and only refer to the actions taken by those named plaintiffs and their counsel, not to any efforts by putative class members. They rely on a single, distinguishable case, where the Southern District of Texas found that "an alleged lack of knowledge regarding" status as a covered employee by the FLSA, coupled with the extreme circumstances of the second prong, was sufficient to justify a lack of diligence.[45]  And Plaintiff's Motion is silent as to *any* diligence taken by *any* of the unnamed, potential plaintiffs in this matter who may later choose to opt-in to the case.  As such, Plaintiffs fail to carry their burden of articulating any reasonable diligence undertaken by any hypothetical opt-in plaintiff in pursuit of their rights for the purposes of applying equitable tolling.

Moreover, Plaintiff's position is undercut by the fact that others *have already* opted into this action before this Court authorized notice.[46] Three opt-in plaintiffs joined the suit prior to the named Plaintiffs ever requesting notice,[47] and since the filing of Plaintiffs' Motion for Notice, three additional opt-in plaintiffs have joined.[48] The fact that these additional plaintiffs opted into this action before the Court issued formal notice shows that formal notice is not necessary for potential

---

[43] *Id*. at 320 ("This standard requires 'reasonable diligence,' not 'maximum feasible diligence,' and an extraordinary circumstance that derives from some external obstacle to timely filing beyond the plaintiff's control, not from self-inflicted delay.").

[44] *Id.*

[45] *Klick v. Cenikor Foundation*, 509 F.Supp.3d 951, 957.

[46] *See English v. Tex. Farm Bureau Bus. Corp.*, No. 17-CV-323, 2019 WL 5191832 (W.D. Tex. Oct. 15, 2019) (finding that plaintiffs failed to show that potential opt-in plaintiffs had diligently pursued their rights, pointing to the fact that other putative plaintiffs had opted in prior to receiving court authorized notice and that formal notice was not necessary for potential opt-in plaintiffs to discover their rights to sue).

[47] R. Docs. 23, 30 ,31.

[48] R. Docs. 34, 49, 51.

PD.61173153.1

opt-in plaintiffs to discover their rights to join the suit. While "notice undoubtfully helps facilitate discovery of possible claims," holding that some potential opt-in plaintiffs could not discover their claims without court notice after others already opted in "would render equitable tolling the rule rather than the exception in FLSA misclassification collective actions."[49]

Because Plaintiffs have failed to demonstrate that the remaining opt-in plaintiffs were diligent in pursuing their claims, a blanket grant of equitable tolling is not proper in this case.

### 2. *Plaintiffs fail to point to any extraordinary circumstances justifying equitable tolling.*

Plaintiffs also fail to point to any extraordinary circumstances justifying equitable tolling from the date they filed their Motion for Notice.  Plaintiffs contend that equitable tolling is appropriate in this case due to the 9-month period that has elapsed since Plaintiffs filed their motion.  Plaintiffs aver that the length of time between briefing of the motion and a potential ruling by the Court, caused by "unexpected delays" such as the reassignment of the case, would result in some opt-in plaintiffs' claims being partially time-barred. This delay alone is far from extraordinary.

In support of their position, they cite to distinguishable cases. In *Klick v. Cenikor Foundation*, the U.S. District Court for the Southern District of Texas excused the duty of potential opt-in plaintiffs to diligently pursue their rights based on extraordinary circumstances.[50] Those circumstances were, indeed, extraordinary: (1) several cases were consolidated into a single action; (2) two conditional motions for class certification remained pending before the Court for *19 months*, (3) the case was stayed or otherwise modified several times; (4) the prior cases were transferred twice, including from the this Court to the Southern District of Texas; and (5) the case

---

[49] *English*, 2019 WL 5191832, at *3.
[50] 509 F.Supp.3d 951, 957.

9

PD.61173153.1

was pending in the midst of the COVID-19 pandemic, which the Court reasoned would justify a putative plaintiff's failure to diligently pursue their claim.[51]  None of these extreme circumstances are present here.  A single case transfer resulting in a minimal (if any) delay, without the extenuating circumstances of a global pandemic, other litigation, or pending motion practice, hardly qualifies as "extreme."  The delay complained of amounts to nothing more than the ordinary delay as part of routine litigation. Notably, "delays in certifying a class do not present extraordinary circumstances justifying equitable tolling,"[52] as "protracted litigation and opposition to certification and notice do not constitute external obstacles that prevent timely filing."[53]  In fact, courts in the Fifth Circuit regularly deny motions for equitable tolling when the only justification provided is the delay in deciding a motion for class certification.[54]

For example, in *Sandoz*, the Fifth Circuit was tasked with considering whether the time it took for the defendant to prepare and file its opposition to certification and notice was an extraordinary circumstance so as to justify equitable tolling.[55]  Plaintiffs argued that defendant's opposition to certification and notice was an external obstacle that effectively delayed notice of the alleged FLSA violations and of the right for potential class members to join the action. The Fifth Circuit found the *Sandoz* plaintiffs' position lacked merit.  As is the case at hand, because nothing prevented the opt-in plaintiffs from discovering their claims and initiating suit on their own accord, equitable tolling was inappropriate.[56]  As the court explained, "[w]e do not hold that

---

[51] *Id.* at

[52] *Hamm v. Acadia Healthcare Co.*, No. 20-1515, 2022 WL 2713532, at *5 (E.D. La. July 13, 2022) (citing *White*, 2015 WL 4254123, at *3); *see also Roberts v. Baptist Healthcare System, L.L.C.*, 2022 WL 4493733, at *3 (E.D. Tex. 2022), *report and recommendation adopted*, 2022 WL 4491070 (E.D. Tex. 2022); *Sandoz*, 2014 WL 3045532, at *1; *Clay v. Huntington Ingalls, Inc.*, 2012 WL 860375, at *4 (E.D. La. 2012).

[53] *Robinson v. RWLS, L.L.C.*, 2017 WL 1535072, at *1 (W.D. Tex. 2017) (*citing Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011)); *see also Sandoz*, 700 Fed. Appx. at 321.

[54] *See Hamm*, 2022 WL 2713532, at *5 (citing *White*, 2015 WL 4254123, at *3); *see also Roberts*, 2022 WL 4493733, at *3; *Sandoz*, 2014 WL 3045532, at *1; *Clay*, 2012 WL 860375, at *4.

[55] *Sandoz*, 700 F. App'x at 320.

[56] *Id*.

PD.61173153.1

protracted litigation can never constitute an extraordinary circumstance, but when, as here, an employee's own inaction relegates opt-in notice from a specific suit as the only means of discovering an FLSA violation, we will not transform routine litigation into an extraordinary circumstance."[57]

Additionally, Plaintiffs do not articulate any external circumstances beyond the potential opt-in plaintiffs' control that would justify delay in pursuing their claims. This is particularly true given the Fifth Circuit's note that equitable tolling focuses on whether an obstacle prevented timely filing, not whether an external obstacle prevented timely opting into a *specific suit*.[58] Equitable tolling is not warranted merely because a potential opt-in plaintiff is unaware of this lawsuit or has not received formal notice from this court of the existence of this suit.[59]

For example, in *Hamm v. Acadia Healthcare*, the Eastern District of Louisiana refused to grant equitable tolling, despite delays of the litigation, because "delays in certifying a class do not present extraordinary circumstances justifying equitable tolling."[60] Plaintiffs argued that litigation delays resulted in potential members not receiving notice of their rights to assert claims in the particular lawsuit, but the court was unpersuaded.[61] The plaintiffs failed to demonstrate that any putative member was prevented from asserting their rights in the suit or in any other suit they could have filed independent of the pending proceeding simply due to litigation delays and denied tolling.[62] Similarly, Plaintiffs in this case do not point to any reason why potential opt-in plaintiffs were prevented from asserting their rights in this suit or any other. In fact, there has been no period

---

[57] *Id*.

[58] *Id*. at 320 ("This standard requires 'reasonable diligence,' not 'maximum feasible diligence,' and an extraordinary circumstance that derives from some external obstacle to timely filing beyond the plaintiff's control, not from self-inflicted delay.").

[59] *Id.*

[60] *Hamm*, 2022 WL 2713532, at *5.

[61] *Id*. at *4.

[62] *Id.*

11

during the 9-month pendency of Plaintiffs' motion where this case was stayed or where this Court was effectively divested of jurisdiction.  Rather, any potential opt-in plaintiff could have (and did) opt into this suit at any time over the past several months, or alternatively, preserved their claims by filing a separate suit.

Because Plaintiffs have failed to demonstrate the "extraordinary circumstances" required of them, a blanket grant of equitable tolling is improper.

## III.    CONCLUSION

Plaintiffs' Motion for categorical equitable tolling as to all potential opt-in plaintiffs is premature and must be denied.  Even if the Motion is considered at the notice stage, which is premature, Plaintiffs have failed to carry their burden of demonstrating that equitable tolling is warranted.  Therefore, Plaintiffs' Motion must be denied in its entirety.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ Molly C. McDiarmid*
Brandon E. Davis (La. Bar # 29823)
Molly C. McDiarmid (La. Bar # 36426)
Jennifer Clewis Thomas (Admitted Pro Hac Vice)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Facsimile: 504-568-9130
brandon.davis@phelps.com
molly.mcdiarmid@phelps.com
jennifer.clewis@phelps.com

**ATTORNEYS FOR DEFENDANTS**

PD.61173153.1

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record/parties in this proceeding.

*/s/ Molly C. McDiarmid*

PD.61173153.1