UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERNESTO JIMENEZ-GONZALEZ and JOSE ALBERTO TORRES-MARTINEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) ) ) | Case No. 3:24-cv-00820-SDD-RLB |
| Plaintiffs, | ) ) | JUDGE BRIAN A. JACKSON |
| v. | ) ) ) ) | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| CORA TEXAS GROWERS AND HARVESTERS AGRICULTURAL ASSOCIATION, INC. and CORA TEXAS MANUFACTURING COMPANY, LLC, | ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION
TO TOLL STATUTE OF LIMITATIONS FOR POTENTIAL
FAIR LABOR STANDARDS ACT OPT-IN PLAINTIFFS**

Plaintiffs' have moved to equitably toll the statute of limitations for potential opt-in

Plaintiffs to preserve their FLSA overtime claims for the 2022 sugarcane harvest season, which

occurred between September of 2022 and January of 2023. Defendants' opposition seeks to

eliminate their liability on those claims and unfairly prejudice the foreign, Spanish-speaking

potential opt-in truck drivers, even though Plaintiffs have been diligent in seeking to send notice

to similarly situated truck drivers and extraordinary circumstances exist that have delayed the

sending of notice through no fault of the foreign workers. Whether to equitably toll a statute of

limitations is within a district court's discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.

1999). The Court should exercise its discretion here and grant Plaintiffs' motion for equitable

tolling.

1

Defendants argue that individual, fact-specific determinations are necessary to grant equitable tolling, and that Plaintiffs' motion is premature because such determinations cannot be made until claimants opt-in to the case. (ECF No. 57 at 5.) This same argument was recently rejected by a court in the Eastern District of Louisiana, which noted that "[m]ultiple courts in this circuit have found the opposite—that the statute of limitations may be tolled with respect to potential opt-in plaintiffs." *Breaux v. Alliance Lifeboats, LLC,* No. 24-1000, 2026 U.S. Dist. LEXIS 34151, at *7 (E.D. La. Feb. 19, 2026); *see also Kennedy v. Pioneer Natural Resources Co.,* No. MO:20-CV-86-DC-RCG, 2021 U.S. Dist. LEXIS 257967, at *11 (W.D. Tex. Nov. 5, 2021) (rejecting argument that each individual potential opt-in must make their own showing in support of tolling and allowing "named plaintiffs to move for equitable tolling on behalf of other class members"). The court in *Breaux* ruled that a motion for tolling at the notice stage *was not premature* and that equitable tolling should be granted because otherwise potential opt-in Plaintiffs' FLSA claims "may [expire] because the statute of limitations has run during the process of trying to certify the collective action" and that such a result would be "inequitable . . . simply because of delay in collective action certification." *Breaux*, 2026 U.S. Dist. LEXIS, at *8. The same is true here where, absent tolling, potential opt-in Plaintiffs' claims for the 2022 sugarcane season will expire simply because of delays in the adjudication of Plaintiffs' FLSA notice motion.

Defendants next argue that equitable tolling is inappropriate because the Plaintiffs have not presented evidence that *potential opt-in Plaintiffs*—who have not received notice of this lawsuit—have not been diligent. (ECF No. 57 at 7.) Defendants' argument is based almost entirely on an unpublished and non-precedential decision of the Fifth Circuit, *Sandov v. Cingular Wireless, L.L.C.*, 700 Fed. Appx. 317, 318 (5th Cir. 2017), and is in conflict with other courts that

look at whether the *named Plaintiffs* have diligently pursued collective action claims. *See, e.g.*, *Klick v. Cenikor Found.*, 509 F. Supp. 3d 951, 957 (S.D. Tex. 2020) (citing additional cases related to diligence inquiry being focused on named Plaintiffs' actions); *see also Kennedy*, 2021 U.S. Dist. LEXIS 257967, at *11 ("[I]n the FLSA context, courts have routinely analyzed the named plaintiff's diligence when deciding whether to grant a motion for tolling that would apply to potential class members."). Here, as detailed in their motion, ECF No. 56-1 at 3-4, the named Plaintiffs have been diligent in pursuing the sending of notice to potential opt-in Plaintiffs, which Defendants do not dispute. That should end any inquiry with respect to diligence.

But even if *Sandov* was controlling precedent, which it expressly says it is not, it is inapposite in this situation. In *Sandov* the court determined that potential opt-in Plaintiffs had not shown diligence because their paycheck stubs showed the number of hours they were credited with working so workers were on notice that those hours were inaccurate and did not coincide with the number of hours actually worked. *Sandov*, 700 Fed. Appx. at 321. Here, the claim is that workers were improperly classified as agricultural workers exempt from overtime. That information does not appear on any paycheck stubs issued by the Defendants, and potential opt-in Plaintiffs were therefore not on notice that their FLSA rights may have been violated due to the Defendants' misclassifying them as agricultural workers who were not entitled to overtime. *See Kennedy*, 2021 U.S. Dist. LEXIS 257967, at *10-11 (potential opt-in plaintiffs not expected to know they were being misclassified and that not receiving overtime pay may constitute a violation of the FLSA); *see also Breaux*, 2026 U.S. Dist. LEXIS 34151, at *11 (noting that, unlike *Sandov*, "the potential opt-in plaintiffs likely were unaware they had claims under the FLSA" in overtime misclassification case). Likewise, potential opt-in Plaintiffs received paycheck stubs only from Defendant Cora Texas Growers and Harvesters Agricultural

3

Association, Inc., which did not put them on notice that Cora Texas Manufacturing Company, LLC could meet the definition of a joint employer under the FLSA and therefore liable for not paying overtime wages.

Finally, Defendants argue that Plaintiffs have not shown any extraordinary circumstances justifying equitable tolling, relying again on the unpublished and non-precedential decision in *Sandov*. (ECF No. 57 at 9-10.) Defendants also mischaracterize Plaintiffs' argument, stating that the "only explanation Plaintiffs offer" for tolling "is that [Plaintiffs] believe the Court has somehow improperly delayed the proceeding of this case by transferring it from one judge to another." (ECF No. 57 at 3.) Plaintiffs never made such an argument or stated that the Court "improperly delayed" these proceedings. (ECF No. 56-1 at 2-3.) As Plaintiffs discussed in their motion, Courts have found extraordinary circumstances to justify equitable tolling where delays in ruling on a motion for FLSA notice have occurred through no fault of the Plaintiffs, such as where "courts' heavy dockets" result in "understandable delays in rulings." *Klick*, 509 F. Supp. 3d at 957-58 (quoting *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012)). Here, Plaintiffs' motion will have been pending for almost ten months at the time when the parties are scheduled to file post-hearing briefs on April 17, 2026. A number of courts have found such a lengthy delay justifies equitable tolling. (ECF No. 56-1 at 2-3) (citing cases); *see also Costellow v. Becht Eng'g Co.*, No. 1:20-cv-00179, 2020 U.S. Dist. LEXIS 248969, at *8-9 (E.D. Tex. Dec. 16, 2020) (approving tolling after five month delay and noting that "[o]nce the decision concerning certification of the collective action is solely in the court's hands, it is beyond the plaintiffs' control and they should not be penalized for time spent waiting for a signed order"); *Davis v. Flare Ignitors & Rentals, Inc.*, No. SA-11-CA-00450-OLG, 2012 U.S.

4

Dist. LEXIS 191308, at *6-7 (W.D. Tex. Mar. 19, 2012) (approving tolling due to eight month delay).

Defendants' reliance on *Hamm v. Acadia Healthcare*, No. 20-1515, 2022 U.S. Dist. LEXIS 123519 (E.D. La. July 13, 2022), is misplaced. In that case the court denied tolling even though there were litigation delays because the FLSA claims were based on a failure to count all time worked, which was something known to the plaintiffs and potential opt-in plaintiffs. Here, as already discussed, the FLSA violation involves misclassification of foreign truck drivers as agricultural workers, an issue that is not readily apparent to potential opt-in Plaintiffs who are unfamiliar with the technical aspects of FLSA overtime exemptions. The same court that ruled against tolling in *Hamm* recognized this distinction in *Breaux*, holding that tolling *was* appropriate in a case involving the misclassification of a Plaintiff and potential opt-in Plaintiffs as "seamen" exempt from overtime since "it is likely the potential opt-[in] plaintiffs were not aware of Defendant's policy or their rights under the FLSA." *Breaux*, 2026 U.S. Dist. LEXIS 34151, at *12-13 (distinguishing *Hamm*).

Equity, of course, is ultimately focused on what is fair and just under the circumstances. Here, without the Court's exercise of its equitable powers to toll the statute of limitations on potential opt-in Plaintiffs' FLSA claims, those claimants will unfairly lose an entire season of overtime claims through no fault of their own. And, as noted in Plaintiffs' motion, Defendants have been on notice for some time that tolling could apply in this case since it was noted in the Court's Scheduling Order. (ECF No. 25 at 2-3.)

For all of the above reasons, as well as those in Plaintiffs' memorandum in support of their motion, Plaintiffs motion should be granted and the statute of limitations applicable to the

5

FLSA claims of opt-in Plaintiffs should be equitably tolled retroactive to June 26, 2025, the date when Plaintiffs motion for authorization to send notice was fully briefed.

Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone:  (828) 379-3169
Email:  jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA  94710
Phone: (404) 590-1295
Email:  dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email:  dan@estesdavislaw.com