UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| ERNESTO JIMENEZ-GONZALEZ and JOSE ALBERTO TORRES-MARTINEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:24-cv-00820-SDD-RLB |
| v. | ) ) ) | JUDGE BRIAN A. JACKSON |
| | ) ) | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| CORA TEXAS GROWERS AND HARVESTERS AGRICULTURAL ASSOCIATION, INC. and CORA TEXAS MANUFACTURING COMPANY, LLC, | ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) ) ) | |

**PLAINTIFFS' POST-HEARING BRIEF RE MOTION FOR
29 U.S.C. § 216(B) NOTICE TO SIMILARLY SITUATED WORKERS
AND FOR DISCLOSURE OF CONTACT INFORMATION**

In accordance with the Court's directives during the hearing on March 4, 2026, regarding

Plaintiffs' Motion for 29 U.S.C. § 216 Notice to Similarly Situated Workers and for Disclosure

of Contact Information (ECF No. 31), Plaintiffs submit this post-hearing brief in support of their

motion.

After the hearing, it is clear there is little in dispute regarding Plaintiffs' motion.

Defendants confirmed during the hearing what they stated in their opposition—that there is no

dispute that the H-2A truck drivers were not paid overtime and no dispute that those claims can

be and should be adjudicated together. (ECF No. 35 at 6) (Defendants' opposition) ("Defendants

do not contest that such question [whether overtime is owed] may be adjudicated on a class-wide

1

basis.") As Plaintiffs' argued in their Reply, that should end the inquiry since there is clearly a FLSA claim that can be decided on a collective basis. (ECF No. 43 at 1-3.)

At the hearing, Defendants' argued that allegedly differing amounts of reimbursements paid to the Plaintiffs and other truck drivers could make collective treatment inappropriate. Defendants raised no new arguments during the hearing that were not contained in their opposition, all of which Plaintiffs addressed in their reply brief. (ECF No. 43 at 3-7.) Defendants argue that there are differing circumstances among the truck drivers with respect to the amount or type of expenses they incurred. Defendants claim those expense amount differences make collective treatment improper. Varying amounts are not a reason to deny collective treatment just because collective action members travelled from different locations, but Plaintiffs have also demonstrated there are entire categories of expenses for which Defendants had a policy of not providing any reimbursement. Those policies applied to all of the truck drivers, making collective treatment appropriate and an efficient method for resolution of the dispute.

Plaintiffs and other H-2A truck drivers were required to have a commercial drivers' license to work for Defendants hauling sugarcane, which involved standard government expenses for the issuance of an international commercial license in Mexico. Likewise, all of the Plaintiffs and other truck drivers paid for a medical examination required to obtain the international commercial drivers' license. In addition, Plaintiffs and other truck drivers incurred expenses to obtain local cellular phones so that Defendants could transmit work instructions to the drivers over the cell phones. There is no dispute that Defendants did not provide reimbursements for any of those expenses. The only issue in dispute is whether it was a violation of the FLSA for Defendants to have a policy that denied workers reimbursement for those expenses.

The resolution of the unreimbursed expense issue will be the same for all workers. Many courts have certified FLSA collective actions with respect to reimbursement claims involving expenses incurred by temporary foreign workers on H-2 visas, even if the amount of damages owed to each worker might vary. *See, e.g.*, *Lopez v. Boykin Farms, Inc.*, No. 5:22-CV-491-BO-RN, 2023 U.S. Dist. LEXIS 191844, at *6-7 (E.D.N.C. Oct. 25, 2023); *Torres-Vallejo v. CreativExteriors, Inc.*, 220 F. Supp. 3d 1074, 1091-92 (D. Colo. 2016); *Franco-Hernandez v. Southern Valley Fruit & Vegetable, Inc.*, No. 7:14-CV-62 (HL), 2015 U.S. Dist. LEXIS 13566, at *3 (M.D. Ga. Feb. 5, 2015); *Perez-Benites v. Candy Brand, LLC*, No. 07-CV-1048, 2008 U.S. Dist. LEXIS 91402, at *2 (W.D. Ark. Oct. 31, 2008).

The only other issue discussed during the hearing was whether the proposed class definition should include information about internal government control numbers used when Defendants' applications to employ H-2A truck drivers were approved by the Department of Labor. (ECF No. 35 at 12.) As Plaintiffs explained during the hearing, the information Defendants seek to add is not necessary to properly identify notice recipients and is likely to cause confusion among foreign workers who are unfamiliar with these internal government codes (called "TALC" numbers or "Temporary Alien Labor Certification" numbers).[1] Defendants cited no cases involving foreign visa workers where a court has required these type of government codes as part of a FLSA notice or any other court process. The straightforward definition Plaintiffs proposed allows for ready identification of notice recipients and is similar to

---

[1] Defendants' proposal is unclear—whether TALC or EAC numbers should be added to the class definition, whether they should be included in some way in the Notice provided to workers, or whether the workers should somehow be required to provide this information themselves as a condition of opting-in. Regardless, the addition of the numbers is likely to cause confusion and seems designed only to limit the number of individuals who may opt-in to the case by creating an irrelevant barrier to their participation.

definitions that have been approved in two other recent cases involving nearly identical claims brought by H-2A truck drivers who hauled sugar cane to Louisiana sugar mills. *Avila-Soto v. South Central Sugar Cane Growers Ass'n, Inc.*, No. 6:24-CV-01392, 2026 U.S. Dist. LEXIS 23620, at *5 (W.D. La. Feb. 3, 2026); *Barron v. Sterling Sugars Sales Corp.*, No. 6:21-CV-03741, 2022 U.S. Dist. LEXIS 89904, at *9-10 (W.D. La. May 17, 2022). Defendants have payroll and personnel files for all of the truck drivers who should receive notice and have not articulated any reason why adding government codes to the class definition or elsewhere would aid in the identification of truck drivers or the facilitation of notice. If a truck driver who was employed in 2022 joins the case, for example, it will be readily apparent under which clearance order he was employed by the Defendants since only one clearance order was filed each season and the year of work provides the answer as to which clearance order applies. (ECF No. 32-04) (2021 clearance order); (ECF No. 32-05) (2022 clearance order); (ECF No. 32-06) (2023 clearance order); (ECF No. 32-07) (2024 clearance order).

Finally, Defendants take issue with the use of the term "Defendants" in the definition of the class that would receive notice. Plaintiffs are amenable to changing the term "Defendants" to "Cora Texas Growers and Harvesters Agricultural Association, Inc. and/or Cora Texas Manufacturing Company, LLC." This approach was used recently in the *Avila-Soto* litigation with respect to the FLSA notice. *Avila-Soto*, 2026 U.S. Dist. LEXIS 23620, at *4 ("The Court agrees Plaintiffs' proposed change resolves the issue of employer identity at this notice stage.").

Plaintiffs' Motion for Notice should be granted and Defendants ordered to provide contact information for the notice recipients.

Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)

4

South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone:  (828) 379-3169
Email:  jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA  94710
Phone: (404) 590-1295
Email:  dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email:  dan@estesdavislaw.com

5