UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERNESTO JIMENEZ-GONZALEZ and JOSE ALBERTO TORRES-MARTINEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) ) | Case No. 3:24-cv-00820-SDD-RLB |
| Plaintiffs, | ) ) ) | JUDGE BRIAN A. JACKSON |
| v. | ) ) ) | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| CORA TEXAS GROWERS AND HARVESTERS AGRICULTURAL ASSOCIATION, INC. and CORA TEXAS MANUFACTURING COMPANY, LLC, | ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) ) | |

**PLAINTIFFS' POST-HEARING BRIEF REGARDING
MOTION FOR RULE 23 CLASS CERTIFICATION**

In accordance with the Court's directives during the hearing on March 4, 2026, regarding Plaintiffs' Motion for Rule 23 Class Certification (ECF No. 33), Plaintiffs submit this post-hearing brief in support of their motion. Plaintiffs' meet all of the requirements for Rule 23 class certification and their motion should be granted.

Defendants' position in opposition to Plaintiffs' motion and at oral argument was that a Rule 23 class action was incompatible with a FLSA collective action seeking overtime compensation. As Plaintiffs detailed in their reply brief, the argument that a FLSA claim and related Rule 23 class claims are "incompatible" has been soundly, consistently, and repeatedly rejected by numerous courts. (ECF No. 46 at 2-3.) This argument was also recently rejected in a decision issued after the Court's hearing. Magistrate Judge Whitehurst in the Western District of Louisiana rejected an identical argument made in a related sugarcane hauling case. In issuing a

report and recommendation to grant Rule 23 class certification, Judge Whitehurst found no incompatibility between FLSA overtime claims and Rule 23 breach of contract claims seeking promised overtime wages. *Avila-Soto v. South Central Sugar Cane Growers' Ass'n, Inc.*, No. 6:24-cv-01392-RRS-CBW, slip op. at 5-6 (W.D. La. Mar. 30, 2026) (attached). The decision here should be no different.

At the hearing the Court also heard argument about Rule 23 requirements related to commonality and typicality, including whether common issues predominate. Defendants focused almost exclusively on alleged differences in the *amount* of reimbursements, claiming differences in the amount of expenses create individualized issues. But what class members may be owed for unreimbursed expenses is a damages issue that does not defeat class certification, as many courts have held. *See, e.g.*, *Brown v. Electrolux Home Prods.*, 817 F.3d 1225, 1239 (11th Cir. 2016) ("The 'black letter rule' recognized in every circuit is that 'individual damage calculations generally do not defeat a finding that common issues predominate.'") (citation omitted); *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 306 (5th Cir. 2003).

Again, Judge Whitehurst's recent opinion is instructive. Rejecting a similar argument about commonality, typicality, and predominance with respect to reimbursements, Judge Whitehurst noted that "[v]aried damages do not defeat commonality where the claims are the same." *Avila Soto*, slip op. at 9, 16 ("Class members' damages can be formulaically determined based on their hours worked and amount of reimbursable expenses."). More importantly though, Defendants' argument about the amount of damages ignores the threshold issue the Court will need to determine—whether specific categories of expenses should have been reimbursed. *See* 20 C.F.R. § 655.122(p)(2) (H-2A employers may not shift business expenses to employees); *Arriaga v. Florida Pacific Farms, LLC*, 305 F.3d 1228, 1242-44 (11th Cir. 2002) (holding that a

failure to reimburse an expense that is for the benefit of the employer is an unlawful *de facto* deduction). There is no dispute that Defendants did not reimburse truck drivers *for entire categories of expenses*. Plaintiffs' Exhibit 14 to their class certification motion, ECF No. 32-16, is a spreadsheet prepared by Defendants that shows the amount of expense reimbursement provided and the categories of expenses reimbursed. Commercial drivers' licenses, medical examinations related to drivers' licenses, and cell phones and monthly cell phone service were excluded from the categories of expenses Defendants reimbursed with respect to all truck drivers. The resolution of whether those expenses should have been reimbursed will be common for all class members and will be decided for or against the class members as a group based on the application of existing law to common facts.

More importantly—and unaddressed by Defendants during the hearing—is that the failure to reimburse expenses is just one of a number of common issues of law and fact in this case. Several of those issues are not in dispute with respect to their commonality—(1) whether truck drivers were paid overtime and whether it was a breach of their contract to not pay them overtime wages; (2) whether truck drivers were paid the correct hourly wage rate or whether they should have been paid a higher hourly wage rate owed for truck driving work; and (3) whether Cora Texas Manufacturing Company, LLC was a joint employer of the truck drivers and is therefore liable for any breaches of contract. While Defendants did argue that the Plaintiffs cannot establish Cora Texas Manufacturing was the joint employer of the truck drivers, that is a merits issue for which Plaintiffs have yet to conduct discovery in this matter with bifurcated discovery. Defendants are arguing for a summary adjudication of an issue at the class certification phase of the case, which is improper. *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013) ("Rule 23 grants . . . no license to engage in free-ranging merits

inquiries at the certification stage.") More importantly, Defendants' argument proves Plaintiffs' point that this *is* a common issue appropriate for class certification. Defendants are not arguing, for example, that *some* of the truck drivers were jointly employed by Cora Texas Manufacturing and some were not. They are arguing that *none* of the truck drivers were jointly employed by Cora Texas Manufacturing and it is therefore not liable. The determination of employer status will be determined in the same manner as to all truck drivers based, again, on the application of existing law to a set of common facts.

With respect to whether overtime is owed to the truck drivers, the Defendants claim an agricultural exemption to the payment of overtime. (ECF No. 33-1 at 12) (Pls.' Mem. citing to Defs.' Discovery responses). Similar to the joint employment issue, Defendants are not arguing that *some* of the truck drivers should have been paid overtime. Their position is that *none* of the truck drivers were eligible for overtime pay. But that is legal issue that will be determined after full discovery based on common facts and the nature of Defendants' business operations. (ECF No. 33-1 at 12-13) (citing cases related to application of the agricultural exemption); *see also Barron v. Sterling Sugar Sales Corp.*, No. 6:12-CV-03741, 2025 U.S. Dist. LEXIS 178401, at *16-17 (W.D. La. Sept. 11, 2025) (holding that hauling of sugarcane from farms to the sugar mill was not "agriculture" for purposes of the overtime exemption because it was not performed "for a farmer" or "on a farm").

Defendants also made brief reference during the hearing to whether Plaintiffs are adequate class representatives but acknowledged that their briefing on this issue incorrectly argued for a heightened standard of adequacy from securities litigation that does not apply in this case. Otherwise, Defendants arguments regarding Plaintiffs' adequacy were addressed in Plaintiffs' opening brief and their reply. (ECF No. 46 at 9-10) (ECF No. 33-1 at 15). In short,

4

Plaintiffs understand the claims in the case, have participated in written discovery and sat for depositions, and have expressed a willingness to represent their fellow truck drivers. That satisfies the adequacy threshold, as Judge Whitehurst recently held in the similar *Avila-Soto* litigation. *Avila-Soto*, slip op. at 14 (finding class representatives adequate after finding that "the applicable standard in this case is that Plaintiffs have a general understanding of the issues and claims and the willingness and ability to serve as representatives").

Plaintiffs' Motion for Rule 23 Class Certification should be granted.

Respectfully submitted,

**/s/ James M. Knoepp**
James M. Knoepp* (Lead Attorney)
South Carolina Bar No. 102757
*Admitted Pro Hac Vice*
1612 Crestwood Drive
Columbia, SC 29205
Telephone:  (828) 379-3169
Email:  jim@dawsonmorton.com

**/s/ Dawson Morton**
Dawson Morton
California Bar No. 320811
*Admitted Pro Hac Vice*
1808 Sixth St.
Berkeley, CA  94710
Phone: (404) 590-1295
Email:  dawson@dawsonmorton.com

**/s/ Daniel Davis**
Daniel Davis, LA Bar No. 30141
Estes Davis Law, LLC
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Fax: (225) 384-5419
Email:  dan@estesdavislaw.com